PALMER & SONS v. CHENEY.

35  281
117   5

1. Principal and agent: LIABILITY FOR AGENT'S ACTS. A principal is liable for goods purchased by a general agent, though the purchase in question was, as to the quantity of goods he should purchase, contrary to the principal's instructions.

2. —— A conversation between the principal and agent in the presence of the seller, which amounted to nothing more than mere advice or directions as to the quantity of the goods he should purchase, would not prevent a recovery against the principal though the agent exceeded in his purchase the quantity directed, if the goods thus purchased were resold and the proceeds received by the principal.

*Appeal from Clinton Circuit Court.*

TUESDAY, DECEMBER 4.

ACTION upon an account for goods sold and delivered by plaintiffs to defendant, and upon a promissory note executed by defendant and payable to plaintiffs. There was a verdict and judgment for plaintiffs. Defendant appeals.

*Foster & Bice* for the appellants.

*Hayes & Young* for the appellee.

BECK, Ch. J. — It is disclosed by the evidence before us that defendant was engaged in mercantile business, which

VOL. XXXV. — 36

was under the control of her son as her general agent. The goods which were the foundation of plaintiffs' claims, both account and note, were purchased by this agent, received at the store managed by him and sold as other goods, and the proceeds appropriated in the same way. When the goods were ordered defendant was present and directed her son in the presence of plaintiffs' agent to buy no more goods than he could pay for at that time.

The defendant, at the trial, requested the court to give the following instruction to the jury : " If the jury find from the evidence that the goods were bought contrary to instructions which were known to the plaintiffs, and also, that they were delivered and resold, at the defendant's place of business by her said agent, without her personal knowledge and consent, then the plaintiffs would not be entitled to recover, though the defendant may have ignorantly received the proceeds of the sale." The refusal to give this instruction is the foundation of the only alleged error presented in counsel's brief. The court gave to the jury this instruction : " If the son of the defendant was acting as her general agent in the management of her business at the time of the purchase of the goods, then the defendant would be liable for his acts and for the payment of the goods, although the agent may, in the purchase of the goods, have disregarded particular instructions, unless the plaintiff had knowledge of such particular instructions, and the defendant did not thereafter ratify, or receive and appropriate the benefits of the acts of her said agent."

The correctness of the ruling of the court in refusing the instruction asked by defendant is made apparent by contrasting it with the one given, which unquestionably embodies a sound rule of law.

Defendant's conversation in regard to the purchase of the goods amounted to nothing more than simple directions. Had the evidence stopped here and the instruction in

question contemplated nothing further, there would exist some reason upon which an argument could be based to relieve defendant of liability. But the goods were received, sold, and the proceeds appropriated to defendant's use. It is true this was done by defendant's son without her knowledge. But he was her general agent and by his acts could ratify a contract in regard to the business under his control, which before did not bind her — his acts in the matter of ratification were as binding upon her as though they had been her own. The instruction given by defendant to her agent had no such effect as to limit his authority or deprive him of the character of general agent. There is nothing in the case or the instruction refused indicating that defendant ought to be discharged on account of fraud or unfair dealing; no such question is presented. It is simply a case where a general agent bought goods contrary to instructions of his principal, and appropriated the proceeds to the principal's use. There is no claim of fraud or unfair dealing or that defendant suffered loss in the transaction. The law will hold her liable for the act of the agent, and good morals demand it.

Affirmed.