GEORGE D. PUTNAM & CO. v. FRENCH & MOORE.

*Agent. Travelling Salesman. Apparent Authority to Collect as well as Sell.*

1. An agent (a travelling salesman) of the plaintiffs sold goods to the defendants. By the contract the defendants were to *pay the agent* in three months ; *and did. Held,* that *such payment* was a defence to an action brought by the principals ; and this, on the ground that they *held their agent out to the public, as having competent authority ;* that it was within the agent's *apparent* authority, though not his *actual,* to collect for what he sold.

2. And this is so, although the bill, rendered by the principals to the defendants, on sending the goods, contained these words, "Payable at office," the *defendants never having seen them, and being guilty of no negligence in not seeing them.*

THIS case was heard at the December Term, 1880, TAFT, J., presiding. Hearing on an auditor's report ; and judgment for the defendant. The auditor found :

The plaintiffs claimed to recover of defendants pay for two items of account sold about July 15, 1879 ; one item being for 18 feet of belt, $9.45, and the other being 200 feet of linen hose, $68.00 ; making in all, the sum of $77.45 and interest thereon. Defendants presented no account ; and claimed that the above account of plaintiffs had been paid. (The goods were sold to the defendants through one Allen, as stated in the opinion.) . . . . . Said Allen sent in his order taken from defendants, to the plaintiffs, and in due time in the month of July, said goods were forwarded by plaintiffs, and in due course were received by defendants on the 28th day of July. The said Allen made his headquarters at Hartford for a few days ; and went into the neighboring villages to sell goods. On the 28th day of July, 1879, and while defendants were unpacking the goods received

that day from the plaintiffs, the said Allen came into their place of business, and said he had received a telegram, summoning him to Boston, and wanted to know if they could not let him have fifteen dollars as he was short of money. The defendants, having received a part of their goods and supposing it was all right, and that said Allen was a partner in plaintiff's firm, complied with his request, and paid him fifteen dollars. He went away, but soon returned, saying his hotel bill was larger than he thought, and wanted more money ; and they paid him ten dollars more ; making in all twenty-five dollars, and took his receipt for the same, to be applied on the bill of plaintiffs for said goods. The said Allen signing his own name in the receipt for the plaintiffs. . .
. . . I find that said Allen was in the employ of the plaintiffs, as a travelling salesman, and was not a member of the firm, at the time of making this sale and collecting this money ; and that defendants paid him in good faith, supposing they were justified in so doing, and supposing he had authority to receive pay and discharge and release the accounts.

I find that during the employment of Allen, the plaintiffs were accustomed, in sending out their bills of much of any amount, to write thereon the words, " Payable at office " ; and that, when the plaintiffs sent defendants the bill of August 12, 1879, the words " Payable at office " were upon it, the same as they now appear ; but I find that neither of the defendants ever saw said words or knew of any such directions until their attention was called to the same by a letter from the plaintiffs, in the early part of December, 1879 ; and they then examined said bill, and for the first time noticed or knew of the existence of said words.

The other facts stated in the report sufficiently appear in the opinion.

*Norman Paul*, for the plaintiffs.

The facts found indicate a contract with the plaintiffs directly, and not with the agent. Story on Agency, 114, 117 ; *Finch* v. *Mansfield*, 97 Mass. 89 ; *Clough* v. *Whitcomb*, 105 Mass. 482. An agent's authority cannot be presumed. Story on Agency, 110. The fact that the defendants paid the agent in good faith, can make no difference. Story on Agency, 160 ; *Hurlburt* v. *Kneeland*, 32 Vt. 316 ; *Nixon* v. *Palmer*, 8 N. Y. 398 ; *Butman* v. *Bacon*, 8 Allen, 25. The representations of the agent do not affect the plaintiffs' right to recover. *Edwards* v. *Golding*, 20 Vt. 30. What defendants paid to Allen was a *loan ;* agent cannot

pledge the goods of his principal. Story on Agency, 105, 130 ; *Holton* v. *Smith*, 7 N. H. 446. The declarations of the agent made when he got the money, not admissible. Story on Agency, 162 ; *Upham & Clay* v. *Wheelock*, 36 Vt. 27. Custom, to pay agent ; 34 N. Y. 417. Agent could not collect ; 46 Vt. 728. " Payable at office " was notice not to pay Allen. Story on Agency, 520 ; *White* v. *Langdon*, 30 Vt. 599 ; 37 Vt. 558 ; *Pratt* v. *Willey*, 12 E. C. L. 611 ; 8 Allen, 302 ; *Towle* v. *Leavitt*, 3 Foster, 360 ; 15 East, 47 ; 2 Str. 1182 ; 6 E. C. L. 455.

*Samuel E. Pingree*, for the defendant.

If Allen could sell, he could collect, and do all things which the usage of trade requires. Story on Agency, 443, 135, 137. Every reasonable presumption and principle of law, should be taken most strongly in favor of the customer and against the party who so endorsed their agent, and gave him occasion to deceive and defraud. Story on Agency, 139, 240–9.

The opinion of the court was delivered by

VEAZEY, J. It appears from the auditor's report that the plaintiffs are merchants in Boston, and the defendants are merchants residing and doing business in Hartford, Vermont. The goods in question were sold by the plaintiffs to the defendants through one Allen, who was in the employ of the plaintiffs as a " travelling salesman," and who made the contract of sale at Hartford, representing that he was a partner in the plaintiff firm. One of the terms of the contract was that the defendants might and should pay Allen for the goods at Hartford, when he should come around on his next trip in about three months. This was a substantial part of the contract to the defendants, as it was a matter of inconvenience and expense to them to pay in Boston. It was the custom in Hartford and vicinity either to pay the travelling salesman, or remit to the firm. The defendants paid this salesman, Allen, in accordance with the contract in good faith. The plaintiffs now seek to recover the amount of the bill again on the ground that Allen was not authorized or permitted to make collections. This restriction was not known to the defendants.

It is laid down by Judge STORY and other writers on the law of agency, and is established by an unbroken line of authority, that the contract of an agent binds a principal in all cases, not only where the agent is acting within the scope of his usual employment, but where he is held out to the public, or to the other party, as having competent authority, although he has in the particular instance, exceeded or violated his instructions, and acted without authority. And this on the principle, that, where one of two innocent parties is to ·suffer, he ought to suffer, who misled the other into the contract, by holding out the agent as competent to act, and as enjoying his confidence. Story on Agency, s. 443.

Allen, being sent out by the plaintiffs as their travelling salesman, clearly had apparent authority, not only to take an order, but to make terms of payment as to time and place, to the extent at least of what was customary and not extraordinary.

The defendants had a right to rely upon Allen's making a truthful report of the terms of sale, and to suppose that the goods were sent pursuant to the contract as made. He was not their agent. The plaintiffs, having taken the benefit of their agent's contract, which was one within his apparent authority, cannot be allowed to avoid some of its terms for the reason that he did not disclose them fully. It is just that they should suffer for his dishonesty in this respect, rather than the defendants.

It is further insisted by the plaintiffs' counsel that the defendants were charged with notice, that they must pay the plaintiffs and not Allen by reason of the words " payable at office," written on their bill rendered, when the last invoice was sent. The defendants did not see those words. Therefore, they · had no notice in fact. Should they be held chargeable with notice ?

The plaintiffs sent that bill without any letter, when the goods were sent, which was three months before the time of payment agreed upon. The defendants examined it as to items charged, and amount of same, and filed it away—never noticing those words; and when Allen came around at about the time he was to come for the pay by the terms of the sale, they paid him the balance due—supposing all the while that he was, as he claimed to be, a member of the firm.

In view of the obscure manner in which those words were writ-
ten on the bill-head ;  and of the circumstances under which and
the purposes for which, in other respects, that bill was sent, and
of the terms of the contract as to whom and when and where
payment was to be made, we do not think the defendants were
guilty of such negligence in not seeing those words as to be
chargeable with notice which they did not in fact have.

It was a matter which the plaintiffs might easily have made
plain.    They saw fit to undertake to give the notice in an obscure
way, which was likely to be ineffectual.    It turned out so, and
they should bear the consequences.

Judgment affirmed.