FRANCIS S. WHITE, PLAINTIFF IN ERROR, V. CHARLES M. LEIGHTON ET AL., DEFENDANTS IN ERROR.

The instructions by the court to the jury, set out at length in the opinion, *Upheld.*

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Charles E. Magoon,* for plaintiff in error, cited: Story's Agency, 111. *Reitz v. Martin,* 12 Ind., 307. *Meyer v. Baldwin,* 52 Miss., 263. *Carter v. Burnham,* 31 Ark., 213. Smith's Mercantile Law, 171. *White v. Cooper,* 3 Penn. St., 135. *Wheeler v. Plattsmouth,* 7 Neb., 279. *McDonell v. Dodge,* 10 Wis., 92.

*Harwood & Ames,* for defendants in error, cited: *Starring v. Mason,* 4 Neb., 367. *Furnas v. Frankman,* 6 Neb.,

429.   *Fatman v. Leet*, 41 Ind., 133.   *Kerslake v. Schoonmaker*, 1 Hun., 436.   *Prescott v. Jones*, 13 Neb., 534.

COBB, CH. J.

The only question involved in this case which it is deemed necessary to notice is that raised by the exception to instructions given by the court to the jury upon the trial of the cause.   The suit was brought by Leighton & Brown against Francis S. White, for a balance due on an account which had been running from June 20, 1878, to July 23, 1880.   This account consists of merchandise alleged to have been sold by the plaintiffs, who were wholesale druggists at Lincoln, to the defendant, who carried on a retail drug store at South Bend, in Cass county, at thirty different and respective dates within the time above stated, and twenty-five different payments of cash; the debit side of the account amounting to six hundred twenty-eight dollars and sixty-seven cents, and the credit side to four hundred thirty-five dollars and forty cents.   There is no dispute as to the correctness of any item of the account; but the controversy arises out of the fact that the drug store at South Bend was carried on by the defendant through the agency of one Lazenby, and not personally by the defendant, who resided at Plattsmouth between twenty and thirty miles away.   This agency was evidenced by a written article of agreement between White and Lazenby, one clause of which was in the following words: "It is further agreed that A. Lazenby is not to give orders for goods, medicines, or wares without the consent of F. S. White."   No knowledge of this agreement or that there was an agreement in writing between White and Lazenby was brought home to the plaintiffs.   The goods were mostly sold on written orders sent from South Bend by Lazenby in the name of White; some of the orders were received at the store in South Bend by the traveling men of the plaintiffs visiting that place.

Defendant contends that these purchases were made without his consent and in violation of the article of agreement between him and Lazenby.

The above statement of the case, as shown by the pleadings and evidence, is believed to be sufficient to show the application of the instructions excepted to, which I copy:

"1. If you find from the evidence that the defendant White put one Lazenby into possession of the store at South Bend, with authority to carry the same on in the name of the defendant, and from the nature of the business and the manner in which it was carried on, the said Lazenby was held out to the world as having authority to do all business necessary to carry on said store, including the buying as well as the selling of goods, and if you further find from the evidence that the plaintiffs sold the goods in question believing said Lazenby had authority to buy said goods, the defendant is liable therefor, notwithstanding by the terms of the written agreement between the defendant and Lazenby, Lazenby had no authority to buy goods or make orders therefor without the consent from defendant; and the fact that said Lazenby is indebted to the defendant is immaterial."

"2. By the terms of the written agreement between the defendant and Lazenby, Lazenby had no authority to buy goods or make orders therefor without the consent of the defendant; and the defendant is not liable for goods purchased by said Lazenby without the consent of the defendant; and you will find for the defendant, unless you further find from the evidence that said Lazenby was held out to the world as having authority to do all business pertaining to the carrying on of said store, including buying as well as selling goods."

I do not think these instructions open to the objections made by counsel. There is no evidence of any representation made by Lazenby or anyone, so that the only evidence

before the jury to which the instructions could apply was that showing the putting of Lazenby in charge of the drug store of White, the giving him the sole charge of it, while White resided at Plattsmouth, and only visited South Bend and the store about once a month, etc.

There has been a great change in the methods of conducting business since the days when the common law was in the plastic state, and even since the time of Kent and Story. Formerly, all stock for the supply of retail stores was bought at the few great commercial centers, and such purchases were the object of an annual or semi-annual "going on" by the retail merchant, who, at the wholesale stores and factories, "laid in" a year's or a half year's supply. Then, to place a man in charge of a retail store, even if the owner did not visit it oftener than once in six months, was to hold him out to the world as having authority to sell only, and that only at retail. Why? Because that was the usual course of business in those days. But the railroad train and the commercial traveler have changed all this. Now, the annual or semi-annual pilgrimage to the great commercial centers is seldom or never made by retail dealers of places of the size of South Bend, for the purpose of laying in the fall or the spring stock; but it is the usual course of business to replenish the waning stock by frequent purchases by sample through the often-calling and ever-affable commercial traveler, without the necessity of leaving the retail counter. Therefore I think that in view of the general course of business of to-day, to establish a retail store in a place from twenty to thirty miles away from the owner's residence, place a clerk or agent in the sole charge of it, the owner only visiting such store or the town where it is situated once a month, and sometimes only once in two or three months, is to hold out such clerk or agent as not only authorized to sell goods at retail but also to keep the stock replenished by purchases according to the usual course of business. At all events, I think that this case was fairly

submitted to the jury by the instructions under considera-
tion, and that the verdict was right.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.