| 17 | 579 |
| 27 | 379 |
| 17 | 579 |
| 30 | 588 |

---

E. D. WEBSTER, PLAINTIFF IN ERROR, v. J. T. WRAY, DEFENDANT IN ERROR.

Principal and Agent. A principal is bound by the acts of his agent to the extent of the apparent authority conferred on him.

ERROR to the district court of Hitchcock county. Tried below before GASLIN, J.

*Marquett, Deweese & Hall,* for plaintiff in error.

*J. Byron Jennings,* for defendant in error.

MAXWELL, J.

This is an action to recover against E. D. Webster upon certain contracts for the payment of money made by his son, Thomas B. Webster. There are four of these contracts which are set out in the petition, together with an allegation after each one of them, in substance that Thomas B. Webster had full authority to contract said debt, and that it was contracted for the benefit of E. D. Webster. The answer is a general denial. The jury in the court below returned a verdict in favor of Wray and against E. D. and Thomas Webster for $254.02, upon which judgment was rendered. The ground upon which a recovery is sought against E. D. Webster is, that he had authorized Thomas B. Webster, his son, to contract debts and borrow money in his own name for his father, in connection with the business in which they were engaged. The petition is very long and somewhat diffuse, and on reading it the first time the writer was inclined to adopt the views of the plaintiff in error, that it failed to state a cause of action against E. D. Webster. A more careful reading, however, shows its purpose, and aided by the liberal rules of construction of the code, it is sufficient to sustain a verdict. The testimony tends to show that in the year 1876 E. D. Webster purchased a herd of cattle and placed them on his ranch on the Stinking Water. One witness stated, " It was called Webster's Ranch, the Quarter Circle W Ranch." The ranch and herd were in the care of Thomas B., the son, and the herd was registered in his name, and seems to have been so registered when this action was tried. The son was to have a fifth interest in the profits of the herd, the father apparently to pay all expenses. The son bought

and sold stock with the father's knowledge, and without objection; contracted debts, which the father paid without complaint, and generally did all things necessary in the management and control of the herd. In the spring of 1881 it is claimed that the authority of the son was revoked, but the proof fails to show that any notice of this fact was given, either generally or specially. The only testimony upon that point being that of E. D. Webster, who testifies that, "In April, '81, I sent White out here to look up matters, and see what debts Tom owed, and what the outfit owed. White came in January, '81. I instructed him to look up everything; I kept him here five months. I sent him with instructions to look up everybody with whom Tom had any business on his account, and to notify me so I could pay them, and notify them that from that time Tom had no authority to contract debts or buy cattle, or in any way involve me; and White notified me that he had done so; and at that time I took a bill of sale from Tom as to all his interest in the herd." There is no proof whatever that Mr. Cook or any one else gave notice that the agency of Thomas B. Webster had ceased, if in fact it had ceased, in 1881, as the testimony shows that with the exception of a month's absence in the spring of 1881, when he went south, Thomas B. remained at the ranch, apparently exercising the same authority as before. These debts were contracted by him in reference to matters connected with the business of the agency, and when so contracted, even if some of the money or property thus obtained was misappropriated, the principal will be bound. While the rule is that an agent must act within the scope of his authority, yet when the agent's acts affect innocent third parties the principal will be bound to the extent of the apparent authority conferred by him on his agent. *Van Duzer v. Hawe*, 21 N. Y., 531. *Redlich v. Doll*, 54 Id., 234. *Garrard v. Haddan*, 67 Penn. St., 82, S. C., 5 Am., 412. *Hatch v. Taylor*, 10 N. H., 538. *Carmichael*

*v. Buck*, 10 Rich, 332.    A principal is bound  equally by the authority which  he  actually gives, and  by that which by his own act he appears to give.  · In our view the plaintiff is bound both by the authority he gave his son and by that which by his own acts he appeared to give.    It is evident that substantial justice has  been done, and  the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.