# Philadelphia, Wilmington, & Baltimore R. Co., Plff. in Err., *v.* Dennis Brannen et ux., in Right of the Wife.

A master is liable for the act of his servant within the general scope of his employment, although the specific act be done at a time and in a manner contrary to an express order of the master.

(Decided January 25, 1886.)

Error to the Common Pleas, No. 1, of Philadelphia County to review a judgment for plaintiff in an action for damages for a personal injury. Affirmed.

This action was brought against the Philadelphia, Wilming-

NOTE.—It is the duty of an engineer, under certain circumstances, such as the approach to a highway, to give warning by sounding the whistle of his engine, and the railway company can only be held liable in damages resulting from the frightening of a horse thereby, when the same was done in an unusual, extraordinary, or wanton manner. Bond v. Bunting, 78 Pa. 219; Lott v. Frankford & S. Pass. R. Co. 159 Pa. 471, 28 Atl. 299; Hanlon v. Philadelphia & W. C. Turnp. Road Co. 182 Pa. 115, 37 Atl. 943.

When such a question arises the case must be submitted to the jury to find the facts. Bond v. Bunting, 78 Pa. 219.

As to master's civil liability to third persons for the wrongful or negligent acts of his servants in general, see editorial note to Ritchie v. Waller,

ton, & Baltimore Railroad Company, for injuries received by Catherine Brannen which resulted in the amputation of one of her legs.

The injury was caused by the blowing of the whistle of a locomotive by an engineer of the company, in such a manner that it frightened a horse traveling upon the highway near the tracks of the company so that it ran away. The horse ran into and over Mrs. Brannen, causing the injuries complained of. Judgment was entered upon a verdict for plaintiff, and defendant brought error.

*Gavin W. Hart* and *David W. Sellers* for plaintiff in error.

*R. P. White,* for defendant in error.—Upon the doctrine of proximate cause, counsel for defendant cited: Ryan v. New York C. R. Co. 35 N. Y. 210, 91 Am. Dec. 49; Pennsylvania R. Co. v. Kerr, 62 Pa. 353, 1 Am. Rep. 431; Oil Creek & A. R. Co. v. Keighron, 74 Pa. 316; Pennsylvania R. Co. v. Hope, 80 Pa. 373, 21 Am. Rep. 100; Hoag v. Lake Shore & M. S. R. Co. 85 Pa. 293, 27 Am. Rep. 653; Lancaster v. Kissinger, 11 W. N. C. 151; Bogle v. Winslow, 5 Phila. 136.

PER CURIAM:

It is well-settled law that the master is liable for the act of his servant within the general scope of his employment, although the specific act be done at a time and in a manner contrary to an express order of the master. Third persons can see and know the general scope of the employment in which the servant is engaged, but they have no means of knowing the secret orders given to him. They are, therefore, not affected by such orders. The answers to the several points submitted are quite as favorable as the company was entitled to receive. Under a fair

27 L. R. A. 161, presenting in full the authorities on that subject. See also the following editorial notes: to Taylor v. Downey, 29 L. R. A. 92, on liability of bailee for wrongful appropriation by his servant of the thing bailed; to Davis v. Houghtelin, 14 L. R. A. 737, on liability of master for assaults committed by servant; to Mulligan v. New York & R. B. R. Co. 14 L. R. A. 791, on liability of master for false arrest, imprisonment, or malicious prosecution by servant.

As to his criminal and penal liability for acts of servants, see editorial note to Williams v. Hendricks, 41 L. R. A. 650.

charge, the jury found the company guilty of negligence. We see no sufficient cause to justify us in disturbing the judgment.
Judgment affirmed.