CHARLES W. TRAINER *vs.* JOHN MORISON and another.

Penobscot. Opinion February 13, 1886.

*Agency. Authority of agent. Notice. Bill-head.*

An agent who has authority to contract for the sale of chattels, has authority to collect pay for them at the time, or as a part of the same transaction, in the absence of any prohibition known to the purchaser.

Knowledge of this prohibition may be inferred from the circumstances of sale, or from customary usages of trade known to the parties.

Persons dealing with an agent have a right to presume that his agency is general, and not limited, and notice of the limited authority must be brought to their knowledge before they are bound to regard it.

The notice of the limited authority of the agent, in this case, printed at the top of the bill accompanying the goods sold and not seen by the purchasers, is not so prominent as to hold them at fault in not observing it.

ON REPORT.

Assumpsit on the following account:

All bills must be paid by Check to our order, or in current funds at our office. [Red ink.]

TERMS CASH.                 BOSTON, OCT. 9th, 1883.

MESS. JOHN MORISON & CO.,

Bought of CHAS. W. TRAINER & CO.

Manufacturers and Dealers in

### LUBRICATING, PARRAFINE AND WOOL OILS,

148 & 150 OLIVER AND 93 PURCHASE STREETS.

| | 3 barrels West Va. oil, 150 C. T. | | | | |
|---|---|---|---|---|---|
| | 418-66 | | | | |
| | 414-64 | | | | |
| | 412-64 | 144 24-29 gals. 13 1-2 | 19 | 54 | | |
| | Cartage, | | 50 | 20 | 04 |
| | | | | | 60 |
| | Paid Oct. 24th, 1883. | | | 19 | 44 |
| | Chas. W. Trainer & Co. | | | | |
| | by H. D. Richardson. | | | | |

*John B. B. Fiske*, for the plaintiff.

The evidence shows that Richardson was not authorized by principal to receive payment.

Richardson, selling by sample, and not intrusted with the possession of goods, not impliedly authorized to receive payment.

An agent employed to make a contract is not as of course to be treated as having an incidental authority to receive payment. Story on Agency, § 98, and notes. *Doubleday* v. *Kress*, 50 N. Y. 410; *Higgins* v. *Moore*, 34 N. Y. Ct. of App. 417;

*Clark* v. *Smith*, 88 Ills. 298 ; Vol. 10, 1879, U. S. Digest, 620.

An agent employed to negotiate sales by means of samples and on credit is not to be presumed as authorized to receive payment. Vol. 13, U. S. Digest, 742 ; *Greenwood* v. *Keator*, 9 Ills. App. 183 ; Vol. 14, U. S. Digest ; *McKindley* v. *Dunham*, 55 Wisc. 515 ; S. C. 42 Am. R. 740 ; Vol. 10, 1879, U. S. Digest, 619 ; *Butler* v. *Dorman*, 68 Mo. 298 ; Amer. Law Register, Oct. 1884 ; *Chambers* v. *Short*, 79 Mo. ; *Seiple* v. *Irwin*, 30 Penn. St. 513.

Agents who are merely employed to sell and who are not en-trusted with the custody of the goods, have no implied authority to receive payment. Such agents are canvassers and others employed to solicit orders, agents authorized to sell by sample, and brokers. Benj. on Sales, by C. L. Corbin, § 1095, *note*; *Abraham* v. *Weiller*, 87 Ills. 179 ; *Cupples* v. *Whelan*, 61 Mo. 583 ; *Law* v. *Stokes*, 32 N. J. L. 249 ; *Harrison* v. *Ross*, 44 Super. Ct. 230–236 ; *Baring* v. *Corrie*, 2 B. & Ald. 137 ; *Korneman* v. *Manegan*, 24 Mich. 36.

Third parties bound to use reasonable care in dealing with agents. Not allowed to presume authority. Duty of inquiring incumbent upon third parties. Benjamin on Sales, Bennett, § 745 ; Story on Agency, § 133, and notes.

Sending of bill of goods by plaintiff an interception by princi-pal, which should have put defendants on their inquiry, and after it, payment to agent, invalid. *Pratt* v. *Wiley*, 2 C. & P. 350 ; *Pitts* v. *Mower*, 18 Maine, 361.

Such sending of bill, with notice " All bills must be paid by check to our order, or in current funds at our office," printed in red ink upon it, notice to defendants not to pay agents, whether defendants saw notice on bill or not. *McKindley* v. *Dunham, sup.*

*Davis and Bailey* for the defendants, cited : *Kinsman* v. *Kershaw*, 119 Mass. 140 ; *Putman* v. *French*, 53 Vt. 402. 1 Chitty, Agency, 284, notes ; Story, Agency, § § 135, 137–139, 240–249, 443 ; 4 C. & P. 508.

HASKELL, J.    Assumpsit to recover the price for merchandize sold.    Defense, payment to the plaintiff's agent.

The plaintiff employed an agent to " sell " his goods " by sample." The agent took an order from the defendants for oil, and directed the same forwarded to them, saying that it would arrive by next boat, and that "he came round once a month," when the defendants engaged to pay him. The goods were delivered as agreed, accompanied by a bill, with the words, " all bills must be paid by check to our order, or in current funds at our office," printed in red at the top. In two weeks after the delivery of the oil, the agent called for, and received from the defendants pay for the same, and gave to them a bill receipted in the plaintiff's name by himself, that bore the same notice in red letters that was printed upon the bill sent with the goods. The agent embezzled the collection. The case comes up on report.

The agent contracted a sale of the goods to be delivered, and to be paid for to himself at his next call. The goods were delivered according to the contract, thereby giving the defendants reason to believe, that the agent had authority to contract for their sale. An agent who has authority to contract for the sale of chattels, has authority to collect pay for them (at the time, or as a part of the same transaction), in the absence of any prohibition known to the purchaser. *Capel* v. *Thornton*, 3 Car. & Payne, 352; *Greely* v. *Bartlett*, 1 Maine, 173; *Goodenow* v. *Tyler*, 7 Mass. 36; Story on Agency, § 102.

Knowledge of this prohibition by the purchaser may be inferred from particular circumstances of the sale, or from customary usages of trade with which he is familiar, as well as by direct notice, that the authority of the agent is limited in this particular. Persons dealing with an agent have a right to presume that his agency is general, and not limited, and notice of the limited authority must be brought to their knowledge before they are to regard it. *Methuen Co.* v. *Hayes*, 33 Maine, 169. A travelling agent, who assumes only to solicit orders for goods to be sold at the option of his principal, as in *McKindly* v. *Dunham*, (Wis.) 42 Am. Rep. 740, may well be held unauthorized to make collections. So a broker, not intrusted with the article sold, may not be authorized to receive the purchase money. *Higgins* v. *Moore*, 34 N. Y. 417; *Barring* v. *Corrie*, 2 B. & Ald. 137; Story on Agency, § 109.

In this case, the agent assumed to complete a contract of sale, specific in its terms, stipulating, that payment was to be made to himself. After the goods had been delivered, he presented for payment a bill, made upon a genuine "bill head" of his principal. He assumed general authority, and no facts are proved, that curtail, or limit it. The plaintiff seeks to charge the defendants with knowledge, that payment was required to be made, according to the terms of the notice in red letters upon the bill sent with the goods. The defendants did not see the notice, nor, taking into consideration the care ordinarily exercised by prudent men, are they at fault for not observing it.

It is not so prominent upon the bill as to become a distinctive feature of it; one that would be likely to attract attention in the hurry of business, and that ought to have been seen by the defendants. It would have been an easy matter for the plaintiff to have inclosed the bill in a letter of advice, calling the attention of the defendants to the fact, that he was unwilling to intrust collections to his agent. *Kinsman* v. *Kershaw*, 119 Mass. 140; *Putman and Co.* v. *French et al.* 53 Vt. 402; *Wass* v. *M. M. Ins. Co.* 61 Maine, 537.

*Plaintiff nonsuit.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and FOSTER, JJ., concurred.