A. H. DREYFUS *et al.* v. G. W. GOSS *et al.*

**No. 13,103.**  ( 72 Pac. 537.)

SYLLABUS BY THE COURT.

1. PRINCIPAL AND AGENT—*When Principal is Bound.*   The principal of a sales agent will be bound by the representations and acts of the agent within the apparent scope of his authority, where the person with whom such agent deals on behalf of his principal has no knowledge of any limitations upon the authority of the agent.

1. ——— *Authority to Make Warranty.*   A sales agent entrusted with samples of goods by his principal for the purpose of enabling him to make sales of such goods is thereby given apparent authority to warrant, on behalf of his principal, that the goods so sold shall be of a character and quality like the samples exhibited.

3. INTOXICATING LIQUORS—*Recovery of Price.*   One cannot recover the price of intoxicating liquors illegally sold in Kansas.

4. PRINCIPAL AND AGENT—*Authority to Collect.*   An agent having power to sell is not thereby clothed with apparent power to collect the price of the thing sold.

Error from Chautauqua district court; G. P. AIK-MAN, judge.  Opinion filed May 9, 1903.  Reversed.

*J. E. Brooks*, and *J. L. Lorie*, for plaintiffs in error.

*W. S. Fitzpatrick*, and *Charles D. Shukers*, for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: This was an action to recover the price of intoxicating liquors.  We prefer to solve the various incidental and subordinate matters raised in the briefs by the discussion and determination of the two main questions, rather than by a discussion of these subordinate questions in detail, as we think a solution of the main questions will solve all the lesser ones.

Plaintiffs were wholesale liquor dealers doing business in Kansas City, Mo. Defendants were druggists doing business in Elgin, Kan. It is not shown that they had authority under the laws of Kansas to sell intoxicating liquors, but we shall assume that they had. Plaintiffs' sales agent went to the defendants' place of business in Elgin, exhibited samples of liquor, and solicited an order therefor. Defendants, having examined the samples, decided to order a barrel of a certain brand of whisky at the price of $1.85 per gallon, receiving the warranty of the agent that it should be of the quality, as to age and test, of the sample exhibited by him, subject to examination and approval by the defendants upon its arrival at their place of business. No limitation of the authority of the agent in respect to the matter of warranty or place of sale was communicated to the defendants. Upon the arrival of the whisky it was found not to be of the age or the grade represented by the agent. Thereupon it was set aside to await the return of the agent. The fact of the inferiority of the whisky was communicated to him when he next came to defendants' place of business, and its inferiority admitted by him. It was thereupon agreed between the agent and defendants that if they would keep the whisky, notwithstanding its failure to come up to the warranty, a deduction of ten cents per gallon in its price and a further extension of the time of payment would be made them. Upon these terms the bargain was closed and defendants retained the whisky. At this time they gave the agent a further order for two cases of rye whisky, which was shipped them. Upon a subsequent return of the agent the price of this last order was paid to him in cash. This money never reached plaintiffs. Plaintiffs were de-

Dreyfus v. Goss.

feated in their claim for recovery upon the ground that the sale of the barrel of whisky was a Kansas contract, and, as such, against the Kansas law, and therefore the price could not be recovered.  As to the two cases of rye whisky, the price having been paid to the agent, such payment was held a discharge of defendants' liability, although the money was not actually received by the plaintiffs.

The first question then is, Was the sale of the barrel of whisky a Kansas or Missouri contract ?  We shall assume that plaintiffs gave their agent authority only to take orders for the sale of liquors subject to their approval in Kansas City, Mo.   We shall further assume that, had the whisky come up to the terms of the warranty made by the agent, this sale to the defendants would have been a Missouri contract, although we do not by this assumption so decide.   We think, however, that it must be conceded that when plaintiffs sent out their agent with samples of their goods to solicit orders for the same they clothed him with apparent authority at least to make warranty of the character and quality of the liquors to be sold by him ; for, if such was not the implication, why should they put into his possession samples to be exhibited to contemplating purchasers.   This being so, clearly when the defendants ascertained that the whisky for which they had given their order, and which had been shipped to them, was not up to the standard warranted, they had a right to decline to receive it and become the debtor of the plaintiffs therefor.   Having done so, the whisky remained the property of the plaintiffs in the store of the defendants at Elgin.   This being the condition when the agent returned, he was in the situation of a saleman in the possession of his principal's property, offering for sale the same at a stated price.   The

price being then and there agreed to between the par-
ties, the sale was then and there consummated;
hence, was a Kansas sale. This would be so regard-
less of any uncommunicated instructions which the
principal had given to the agent. All of the facts in
the case clearly tended to warrant defendants in be-
lieving that the agent had full authority to represent
the plaintiffs and make sales of their goods. This
court, in the case of *Banks Bros. v. Everest & Waggener*,
35 Kan. 687, 12 Pac. 141, said:

"A principal is bound for the acts of his agent done
within the scope of his authority, and the principal
will also be responsible for the unauthorized acts of
the agent where the conduct of the principal justifies
a party dealing with the agent in believing that such
agent was acting within and not in excess of the au-
thority conferred on him."

In *Keith v. Herschberg Optical Co.*, 48 Ark. 138, 2 S.
W. 777, quoting a large number of authorities, it was
said:

"A traveling salesman of a wholesale house may be
regarded by those who deal with him as a general
agent, and his acts within the scope of his business
will bind his principals, although in violation of their
printed instructions to him, unless the parties dealing
with him have notice of the limitations upon his au-
thority."

It can hardly be contended in this case that the
agent of the plaintiffs was not invested with appar-
ent authority to make the contracts which he did.
Aside from having their samples in his possession,
which of itself gave him apparent authority to make
a warranty of the quality of the goods sold in accord-
ance with those samples, they had filled the order
given by defendants to him. We are quite clear that,
so far as the barrel of whisky is concerned, the sale

Dreyfus v. Goss.

was made in Kansas.   There was no showing or claim made by the plaintiffs that they had a permit to sell intoxicating liquors in Kansas; hence, such sale was against the law, and plaintiffs could not recover therefor.

Now as to the sufficiency of the payment shown. It is well settled by the authorities in this state, as well as elsewhere, that an agent possessing the authority to sell goods is not thereby invested with authority to collect the price thereof. (*Kane v. Barstow*, 42 Kan. 465, 22 Pac. 588.)   Hence, in this case, it having been shown that the selling agent had no actual authority to collect the money paid to him, and it never having actually been received by the plaintiffs, such payment to the agent was ineffectual to discharge the defendants from their liability for the two cases of rye whisky purchased by them.   Inasmuch as the evidence of this payment was permitted to go to the jury, we think the court erred therein. The judgment of the court below must be reversed, and the case remanded for further proceedings in accordance with this opinion.

All the Justices concurring.