JAMES HORRABIN & COMPANY, Appellee, v. W. A. McCALLUM, Appellant.

PRINCIPAL AND AGENT:  Authorized Agent May Ratify Act of Unauthorized Agent.  An agent who has authority to sell goods in the first instance may validly ratify the sale of said goods by another agent who had no authority to make such sale.

*Appeal from Perry Superior Court.*—W. W. CARDELL, Judge.

MAY 3, 1921.

ACTION to recover the reasonable value of crushed rock and gravel, alleged to have been taken by the defendant under a contract which was neither authorized nor ratified by the plaintiff. Verdict of jury, finding for the plaintiff. Defendant appeals.—*Reversed.*

*George J. Dugan* and *Lyle W. Maley,* for appellant.

*Harry Wifvat,* for appellee.

DE GRAFF, J.—A quantity of crushed rock and gravel was left by plaintiff contractor at Dallas Center, Iowa, upon the completion of a paving contract in said city. One Ward Briggs was employed as foreman by plaintiff to remove the machinery and clean up the job, which he proceeded to do. At the same time, A. T. Boyd, of Dallas Center, was the general agent of plaintiff, with express authority to sell and dispose of the sand, crushed rock, and gravel in controversy.

Shortly after the arrival of Briggs on the scene of action for the purposes stated, he had a conversation with the defendant, McCallum, relative to buying the rock and gravel. Briggs offered to sell same for the sum of $15. It was finally agreed by and between Briggs and the defendant that the latter should have all of the gravel and crushed rock for the sum of $10, defendant to haul same away at his own expense. On the next day, the general agent, Boyd, having learned of this deal, made

objection to Briggs. Shortly thereafter, Briggs, Boyd, and McCallum had a conference, and, according to the claim of appellant, compromised and settled the purchase made by the defendant from Briggs, whereby Boyd accepted the $10 which McCallum had paid Briggs, and McCallum surrendered his rights to all of the crushed rock and gravel, except the pile on the east side of the main track of the Minneapolis & St. Louis Railway, and north of a certain pipe line. The $10 received by Boyd was placed to the credit of the plaintiff. Within a short time, the defendant did haul away the gravel in the north pile, but did not haul from any other place.

Plaintiff's action is in assumpsit, and he seeks to recover the reasonable value of the rock and gravel appropriated by the defendant. Defendant alleges the fact of purchase from Briggs and the subsequent ratification of the sale by the general agent, Boyd, and the acceptance and retention by Boyd and plaintiff of the $10 paid by defendant, and that plaintiff thereby is estopped, and has waived any and all rights to said material taken by defendant, by failing to make timely objection to the sale by Briggs and subsequent ratification by Boyd, and by its retention of the benefits of the contract so made and ratified.

Upon the issues thus joined, trial was had. Defendant's motion for directed verdict was overruled, and the cause was submitted, under instructions, by the court to the jury.

The answer to one question determines this appeal. May an agent who has authority to sell goods in the first instance bind his principal by ratifying the sale of said goods by another person unauthorized to make the sale?

An agent cannot ratify his own unauthorized act (*Young v. Inman & Nelson*, 146 Iowa 492), but an agent may exceed his authority and bind his principal, if the latter appropriates the benefits of the acts of the agent (*Palmer & Sons v. Cheney*, 35 Iowa 281). Ratification is, in fact, equivalent to previous authority. 31 Cyc. 1251. In *Ironwood Store Co. v. Harrison*, 75 Mich. 197, it is said:

"Ratification by an agent depends upon certain facts, which must affirmatively be made to appear:

"1. The agent ratifying must have had general power to do himself the act which he ratifies.

"2.  They must both be agents of the same principal, and the agent whose act is in question must have professed to act as agent of the common principal.

"A stranger to a party, acting without authority, may do an act in the name of another, which that other may ratify, and so make it his own.  But his general agent has no such authority to ratify the act of a stranger done in the name of the principal, unless power of appointing agents has been delegated to him by his principal.  He cannot ratify without making the person for that act or occasion the agent of the principal, and this is beyond his general powers as agent."

What was Boyd's authority in the instant case?  Plaintiff Horrabin testified:

"Mr. Boyd was my agent in disposing of the crushed rock. He was to dispose of the rock and pay any straggling bills from the proceeds of the rock sale."

Briggs testified:

"I went to Dallas Center to load the stuff [paving machinery] and to clean the lot."

There is no question about Brigg's employment by plaintiff and his duties in said employment.  Assuming that Briggs had no authority to sell the crushed rock and gravel, he did sell it; and the sale, modified as to quantity sold, was confirmed and ratified by Boyd, the general agent.

The question of Boyd's ratification of the sale by Briggs was not submitted to the jury.  This was error.

The evidence is not in conflict as to the authority of Boyd, or Boyd's act of ratification, which was, in effect, a resale of the subject-matter of the contract.  This is decisive of this case, and the court should have sustained defendant's motion for a directed verdict.—*Reversed.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.