AMERICAN TRUST & SAVINGS BANK OF WATERLOO, Appellant, v. JOHN J. DEJAEGER et al., Appellees.

**PRINCIPAL AND AGENT:** Authority to Indorse Bills and Notes. Authority in an agent to indorse for value, and in the ordinary course of business, notes payable to the principal, does not carry authority, when the note matures, to indorse, in the name of the principal, the maker's *renewal* note to the transferee.

*Appeal from Black Hawk District Court.*—J. E. WILLIAMS, Judge.

JUNE 25, 1921.

ACTION against both the maker and indorser on a promissory note. There was a directed verdict for the defendants. Plaintiff appeals.—*Affirmed.*

*J. W. Arbuckle,* for appellant.

*Read & Read* and *Pickett, Swisher & Farwell,* for appellees.

STEVENS, J.—The petition contains the usual allegations of a petition in an action against the maker and indorser of a promissory note. The defendant John J. DeJaeger is the maker, and the Mackie Motors Company the indorser. There was a directed verdict in favor of both defendants, but the Mackie Motors Company alone filed brief and argument. The material facts, which are undisputed, are, in substance, as follows: The defendant Mackie Motors Company, a corporation engaged in the automobile business at Des Moines, Iowa, also maintains a branch office at Waterloo, in this state. M. S. Binney was in general charge of the Waterloo office from April to September, 1917, when he was succeeded by Floyd L. Kennedy, who had previously been the bookkeeper at that office. On August 20th, M. S. Binney negotiated a note signed by DeJaeger to the appellant bank for value, indorsing the same on the back in the usual form. The note came due November 16th, and on November 20th, the maker asked appellant for an extension of time. It being the policy of the bank not to grant extensions of time, a new note was made out, payable to appellant, and indorsed by Kennedy as follows: "Mackie Motors Company, by F. L. Kennedy." This action is on the renewal note.

The defenses urged, in addition to a general denial, are that the indorsement upon the back of the note, if placed there by Kennedy, was without the knowledge or authority of the Mackie Motors Company; and that the effect thereof was to constitute the defendant an accommodation indorser; and that its articles of incorporation did not authorize its officers or agents to bind it as such indorser. The business carried on by the Waterloo office was the sale of automobiles, certain salesmen reporting to that office.

On July 25, 1917, the Mackie Motors Company delivered to the appellant bank the following notice of authority:

"Mackie Motors Company, Inc.,
"Des Moines, Iowa, July 25, 1917.

"Kindly honor on checks, or as indorsements for the Mackie Motors Co. on checks, the following signatures: This applies to the Waterloo branch of the company.

"Mackie Motors Co.,
"By M. S. Binney.
"Mackie Motors Co.,
"By Floyd L. Kennedy."

This letter constitutes the only direct evidence offered by plaintiff upon the question of the authority of either Binney or Kennedy. It must, of course, be assumed that both had the necessary authority to transact the ordinary and usual business of the Waterloo office, as they were successively in sole charge thereof. The business of this office appears to have been a somewhat active one. `Authority, however, to indorse the note in question could not be implied from the general authority to manage the business of the office and to sell automobiles, receive the reports of salesmen, and transmit them to the Des Moines office.

Both Binney and Kennedy made deposits to the account of the Mackie Motors Company in the appellant bank, placing the necessary indorsements upon checks for that purpose, and also drew checks on said account. These acts, however, were within the express authority of the agents and the terms of the notice sent to the bank by the defendant.

Counsel for appellant, however, contends that the act of Kennedy in indorsing the note on November 20th was within the apparent scope of his authority. Apparent authority of an agent is such as the principal knowingly permits the agent to assume, or which he holds him out to third parties as possessing. The apparent authority of the agent is determined by the acts of the principal, and not by the acts of the agent. The fact must not be overlooked in this case that the indorsement placed by Binney upon the original note, which was payable to the Mackie

Motors Company, was for the purpose of transferring title to the bank for value. So far as it is disclosed by the record, neither Binney nor Kennedy, at any time prior or subsequent to November 20th, ever indorsed the name of the Mackie Motors Company upon the back of any other note, either for the purpose of transferring title in the usual course to the appellant or to any other person or bank, or for the purpose of aiding the maker to secure an extension of time thereon. Authority of an agent to indorse the name of his principal upon the back of a note for the purpose of transferring title in the usual course of business would not imply authority in such agent to place a like indorsement upon a renewal note, payable to the transferee. As the transaction in question is the only one of its kind, so far as shown by the evidence, conducted by Kennedy, there is nothing in the record to indicate that the Mackie Motors Company knowingly permitted the agent to assume authority to indorse notes in blank for the purpose indicated; nor does the record show such acts or conduct on the part of its officers in holding out the said Kennedy as possessing authority to bind the corporation by indorsements of the character in question as to have justified the appellant in assuming that Kennedy possessed the authority to bind his principal by the indorsements. The only act of the defendant's officers not mentioned above, referred to in the evidence, is an occasional visit of some of them to the Waterloo office and to the bank.

The written notice given by the Mackie Motors Company to the appellant bank, of certain authority on the part of Binney and Kennedy, carried with it the implication that their authority to deal with the bank was a limited authority. Express authority on the part of Binney to negotiate the original note is not shown; but it is disclosed that proceeds were forwarded to the Mackie Motors Company in the form of a draft, and retained by it.

The issues do not involve any question as to the authority of Binney to negotiate the sale of the original note; but, of course, the facts relating thereto are proper to be considered, in connection with the other facts and circumstances, as having bearing upon the question of his general authority. The execution of a note in renewal of a debt does not operate to extinguish the debt. *Commercial Sav. Bank v. Schaffer,* 190 Iowa 1088.

Plaintiff's action against the Mackie Motors Company is based solely upon the subsequent indorsement; and the evidence does not show authority in Kennedy to make it; nor may such authority be implied from the general authority conferred upon him; nor are such acts on the part of defendant shown as to have justified the submission to the jury of the issue of his apparent authority.

The legal propositions involved are elementary, and do not require the citation of authorities, but see the following: *Citizens Bank v. Public Drug Co.*, 190 Iowa 983; *Ney v. Eastern Iowa Tel. Co.*, 162 Iowa 525; *Hosteter v. Wear-U-Well Shoe Co.*, 171 Iowa 346; *Johnson v. Northern Minn. L. & I. Co.*, 168 Iowa 340.

The judgment of the court below is—*Affirmed*.

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.