SOUTHWICK, CANNON AND WARREN, *v.* ALLEN AND BLODGET. CHITTENDEN, *January,* 1839.

Evidence that A. and B. were partners in the spring of 1835, and continued doing business under the firm of A. and B. till July or August of the same year, and that the firm was then discontinued and a new one formed, under the firm of A. B. &. Co , and continued to do business in the same store occupied by A. and B., is evidence tending to prove a dissolution of the partnership of A. and B.

Evidence that it was notorious in the neighborhood of A. and B. that C. had become a partner of A. and B., and that notice was published in a newspaper printed at M. of the formation of a partnership between A. and B. and C.; and that "business" would be done thereafter in the name of A. B. & Co., is not evidence tending to prove a dissolution of the partnership of A. and B. as against the plaintiffs, who did not reside in their vicinity.

THIS was an action on a note dated 20th May 1836, payable to plaintiffs, and signed "Allen & Blodget." Plea general issue, and trial by jury.

The plaintiffs, to sustain the issue on their part, offered evidence tending to prove that the defendants, previously to the execution of the note in question, were partners, as merchants, at Bristol, Vt., and that the name of "Allen & Blodget" was in the hand-writing of the defendant, Blodget.

To sustain the issue on their part, the defendants offered evidence tending to prove that the defendants were partners, as merchants, in the spring of 1835, at Bristol, aforesaid under the firm of "Allen & Blodget," that they continued there doing business under that name until July or August of the same year, when the firm was discontinued and a new firm was formed, consisting of the two defendants and one Theron H. Blodget. The style of the latter copartnership was Allen, Blodget & Company, and this latter firm existed and did business in the same store formerly occupied by Allen & Blodget, until December 1836, when the two Blodgets went out of the firm, and the business was continued in the name of Allen and one Fletcher. The defendants further offered evidence tending to prove that after Theron H. Blodget became a partner with the defendants, the firm of Allen & Blodget was discontinued, and no business was afterwards transacted in the name of that firm ; that the fact of Theron H. Blodget having become a partner in the store was public and notorious in the neighborhood : that notice of the formation of the last partnership, and that business would thereafter be

CHITTENDEN,
January,
1839.

Southwick
et al.
v.
Allen & Blod-
get.
done under the name of Allen, Blodget & Company, was given in the newspapers printed at Middlebury, but offered no direct evidence of an actual dissolution and settlement of the affairs of Allen & Blodget. No evidence whatever was offered to show that the plaintiffs had had any dealing with the firm of Allen & Blodget previously to the execution of the note in question, nor was there any evidence tending to show on what consideration the note was given. The defendants insisted upon going to the jury with this evidence, but the court decided that the notice of the formation of the new partnership was no evidence of the dissolution of the former one, and that there was no evidence of the dissolution and notice thereof, which would warrant a verdict for defendants, and a verdict was given for plaintiffs. The defendant excepted.

*Maeck & Smalley* for defendants.

The decision of the county court was erroneous.

1. The bill of exceptions discloses sufficient matter given in evidence for the jury to weigh, and it would not only seem that it was *prima facie*, but also conclusive evidence that the partnership was actually dissolved. *Patterson* v. *Zachariah & Arnold.* 2 C. L. R. 300.

If the partnership was dissolved, then Blodget could not bind them by giving the note in the company name, though it was given to settle a partnership transaction. *Abel & another* v. *Sutton*, 3 Esp. R. 109. Chitty on Con. p. 81, and cases there cited. *Lansing* v. *Gaine & Ten Eyck*, 2 Johns. R. 300. *Ramsbottom & others* v. *Lewis and others*, 1 Camp R. 279. *Thomason et al.* v. *Frere et al.*, 10 East 418. *Mcpherson* v. *Rathbone*, 11 Wendell's R. 96.

As defendants and plaintiffs never had any dealings, the law did not require any notice of the dissolution of the partnership to be given them. If the law does require it, then notice has been given them by publication in the newspapers, that defendants have taken another into the concern, which, *ipso facto*, dissolved the old partnership. Chitty on Con. 80, 2 Camp. R. 617. But admitting the law did require notice to plaintiffs, and that the publication of the formation of the new firm, and the notoriety of the change in the neighborhood did not amount to legal notice to plaintiffs of the dissolution of the old firm, or afford facts from which the jury might have presumed a dissolution, still, it will be seen, the

rule only applies where the transaction was in the usual course of business, and does not apply in cases where one partner makes or endorses a note with the company name. *Newsome* v. *Cole, et al.* 2 Camp. 617. *Wrightson and another* v. *Pullan,* 2 C. L. R. 433. *Tombeckbe Bank* v. *Dumel,* 5 Mason 56, cited in note to Bayley on Bills, p. 59. *Whitman* v. *Leonard,* 3 Pickering's R. 177. The cases previously cited fully support this proposition also.

*J. N. Pomeroy,* for plaintiffs.

The testimony in the case did not tend to show a dissolution of the copartnership, but was consistent with its continuance; nor did it tend to show notice of a dissolution.

*Actual notice* must be given to persons who have been in the habit of dealing with the firm, and

*Constructive notice* must be shown to have been given, as by publication in the newspapers, to those who have not been in the habit of dealing with the firm. *Ketchum & Black* v. *Clark,* 6 Johns. R. 144.

The opinion of the court was delivered by

BENNETT, J.—The first question presented for the consideration of the court is, whether the evidence produced tended to prove a dissolution of the partnership of Allen & Blodget. If so, it should have gone to the jury.

That the discontinuance of the business of the old firm and the formation of a new one, who succeed in business at the same store, has no tendency to prove a dissolution, is more than can be maintained. The object of the formation of a partnership is the transaction of business, and when this object ceases, there is no inducement to continue the partnership. It is not necessary for the closing up of the old business of the firm, and the discontinuance of the business of the old firm and the formation of a new one are common attendants upon a dissolution. The case states that evidence was given to prove the *discontinuance* of the old firm, and the formation of a new one; and most certainly, if there was a discontinuance of the *firm,* and not simply the business of the firm, there must have been a dissolution. The term necessarily imports it. In this respect, then, the court below were wrong; but we think the evidence had no tendency to prove a notice to the plaintiffs of the dissolution prior to giving the note in question.

The facts insisted upon as evidence of the notice of the dissolution are, that it was notorious in the neighborhood that Theron H. Blodget had become a partner in the store, and that notice was given in the papers published at Middlebury of the formation of the last partnership, and that *business* would be done thereafter in the name of Allen, Blodget & Co. It may be remarked, that no evidence was offered of a notice that Allen & Blodget had discontinued their business, or that the business of A. & B. would be continued by the new firm, but simply "that *business* would thereafter be done under the name of Allen, Blodget & Co." The formation of a new partnership, alone, is no evidence of the dissolution of a previous one existing between a portion of a new firm ; and consequently the publication of this fact can have no effect. The plaintiffs were not residents of the state, and can in no way be affected by matter that may be notorious in the neighborhood of the defendants. On the whole, we are satisfied the county court were correct in holding that there was no evidence in the case to go to the jury, tending to prove a notice of the dissolution, and that the judgment below was correct, and must therefore be affirmed.