## George B. Weise and Edward J. Weise v. Gray's Harbor Commercial Company, a corporation.

### Gen. No. 10,867.

1. PARTNERSHIP—*when liability of, continues notwithstanding incorporation.*  If an existing partnership becomes incorporated without any formal dissolution and notice thereof and continues dealing in the old way, the individuals composing such partnership continue liable as partners where the change of name does not convey information of the incorporation and the persons dealing with them had no notice of such incorporation.

2. DISSOLUTION OF PARTNERSHIP—*when supposed notices of, are properly excluded.*  Published notices referring to the formation of a corporation by parties who previously conducted their business as a partnership, are not competent where they do not set forth the dissolution, and there is no proof that they were published as the acts and declarations of the partners, and that there had been an actual dissolution.

3. INSTRUCTION—*upon partnership liability.*  It is not essential in an instruction upon the question as to whether a partnership or a corporation which has succeeded thereto is liable for goods sold and delivered, to point out specifically the issue of partnership dissolution involved in the case.

Action of assumpsit for goods alleged to have been sold and delivered. Appeal from the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1902.  Affirmed.  Opinion filed January 19, 1904.

HOYNE, O'CONNOR & HOYNE, for appellants.

FRED H. ATWOOD, FRANK B. PEASE, CHARLES O. LOUCKS and LOUIS B. DOER, for appellee.

**Statement by the Court.**  Appellee recovered judgment against appellants for lumber shipped by it from

Cosmopolis, Washington, in November, 1894, and alleged to have been sold and delivered to appellants.

At a former trial the court directed a verdict for the present appellants, upon which there was judgment, which was reversed by this court in Gray's Harbor Commercial Co. v. Weise, 86 App. 125. The principal facts are there stated and remain substantially the same except that at the last trial George B. Weise testified that in introducing Mr. Serrell " Alexander Weise said, ' Here is Mr. Weise, president, himself,' " and Alexander Weise testified : " Edward J. Weise and George B. Weise never did any business at that place after August, 1894."

The following instruction was given at the request of appellee :

" You are instructed that if you find from the evidence that on or about the 15th day of November, 1894, the defendants bought of the plaintiff a certain quantity of lumber, and that said lumber was delivered to the defendants at Chicago on or about the 3rd day of January, 1895, and that the defendants have failed, neglected and refused to pay the plaintiff for said lumber according to their agreement, and if you further find that there has been an unreasonable and vexatious delay on the part of the defendants in paying the money so due to the plaintiff, then you will find the issues for the plaintiff and assess the plaintiff's damages at such sum as you find was due the plaintiff on the 17th day of February, 1895, with interest thereon from that date until the present time at five per cent. per annum."

Mr. Justice Stein delivered the opinion of the court.

The question here is, was the lumber sold to the partnership of Geo. B. Weise & Son, or to the corporation George B. Weise & Son ?

In Chicago Trust & Savings Bank v. Kinnare, 174 Ill. 358, the court said (p. 362) :

" While dissolution of a partnership terminates any liability of its members for indebtedness subsequently incurred to one having notice of such dissolution, the general rule is if notice of the dissolution is not given and business is subsequently transacted in the name of the firm, those preserv-

ing and composing the firm will be liable to persons to whom they thus become indebted, although not partners as between themselves. Where they hold themselves out to the community by acts or declarations as partners, they would become liable as such even had no partnership ever existed."

In his work on Partnership, * p. 119, Prof. Parsons says :

" Where one is held forth to the world as a partner, the first question is, was he so held out by his own authority, assent or connivance, or negligence? If by his authority, assent or connivance, the presumption is absolute that he was so held out to every creditor or customer," whether the creditor believed or did not believe the person whom he seeks to charge to be a partner.

On *p. 132, the same author says :

" Usually the question whether one is liable as a partner because so held out by himself or with his consent, turns upon the force and meaning of his acts. If his name is advertised, or is on the painted signs over the door, on the shop bills or cards, and he knows this and makes no objection, he is bound."

If an existing partnership becomes incorporated without any formal dissolution and notice thereof, and continues dealing in the old way, the persons comprising such partnership are liable as partners, where the change of name does not convey information of the incorporation. 2 Bates on Partnership, Sec. 511. And in Goddard v. Pratt, 16 Pick. 413, (Shaw, J., delivering the opinion of the court,) the following instructions were approved:

" If the business was transacted in the partnership name after the act of incorporation as it had been before, the copartners would be liable until a dissolution and legal notice of such dissolution were proved." "The plaintiff seeing the name of a firm or private partnership upon the paper without reference to a corporation, it was not for the plaintiff to know, but for the defendants to prove, that the plaintiff was dealing with a corporation and not with copartners * * * notwithstanding he had never dealt with the firm until after the act of incorporation."

Applying the foregoing rules, it is plain that the proof before the jury warranted them in finding the issues for appellee. Appellants had been partners in business as Geo. B. Weise & Son and the proof tended to show that after

the incorporation the business was continued under practically the same name, at the same place and in the same way as before, with the knowledge and consent of appellants. There was nothing in the outward appearance of things to indicate to appellee's agent at the time he obtained the order for the lumber that he was dealing with a corporation, and not with private persons.

Was appellee chargeable with notice of the dissolution of the partnership which it is claimed had taken place? There is no proof of any dissolution, unless it be inferred from the act of incorporation. It is certainly quite possible that the partnership may have continued notwithstanding the incorporation, and in the present case it looks very much as if it had. But waiving this consideration, the question arises whether the court erred in excluding the notices published in divers newspapers of the formation of the corporation. All of them related to the incorporation only, and did not bear upon the question of dissolution, excepting one, which read as follows:

"Geo. B. Weise & Son of this city have been succeeded by Geo. B. Weise & Son, incorporated, with an authorized capital stock of $50,000."

The acceptance of the charter and the organization of the corporation had no tendency to give notice to the mercantile community of the dissolution of the firm, and the notices were properly rejected in the absence of proof that they were published as the act and declaration of appellants, and that there had been an actual dissolution. Goddard v. Pratt, *supra;* Southwick v. Allen & Blodgett, 11 Vt. 75.

The instruction set forth in the preceding statement is criticised because it did not submit to the jury the specific question whether there was a sale to appellants by reason of their holding themselves out as copartners. It did submit to them the question whether appellants bought of appellee the lumber sued for. If appellants desired the jury to be further instructed as to the law of the case, it was their privilege to have it done.

We find nothing objectionable in the other instructions given for appellee, and do not pass upon appellants' refused instructions, nor upon the modification of the one given at their request, inasmuch as counsel present no argument and point out no errors in that regard.

The judgment appealed from is affirmed.

*Affirmed.*