Benjamin A. Leafgreen, Trading as Leafgreen Construction Company, Appellee, v. Hyman Yablonsky, Appellant.

Gen. No. 17,051.

1. MECHANICS' LIENS—*extra work.* Where a contractor files a bill to enforce a mechanic's lien for extra work, and a clause of the contract provides that no extra work or material will be paid for without a written agreement made and approved by the owner, an indorsement allowing for extra work made on the contract by the superintendent and not ratified by the owner is not binding.

2. CONTRACTS—*extra work.* Where a contractor sues the owner for extra work he has the burden of proving that the work was extra and that it was ordered by defendant.

3. AGENCY—*authority of superintendent of building.* It is not within the scope of authority of a superintendent of a building to make an indorsement on the contract allowing the contractor extra pay for additional work.

4. CONTRACTS—*consideration for agreement for extra work.*
Where by the specifications, which are made a part of a building
contract, the contractor is obliged to go to the depth required to
secure a solid bottom for the foundation if the ground is not solid
at the depth shown on the plans, a promise by the superintendent
to pay extra therefor is without consideration.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES
M. WALKER, Judge, presiding. Heard in the Branch Appellate
Court at the October term, 1910. Reversed and remanded with di-
rections. Opinion filed March 4, 1913.

LOUIS T. ORR, for appellant; HARVEY L. CAVENDER, of
counsel.

PARKER & HAGAN, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the
court.

Benjamin A. Leafgreen, doing business as Leaf-
green Construction Company, hereinafter called the
complainant, filed his bill of complaint to enforce a
mechanic's lien against the real estate in question
owend by appellant, Hyman Yablonsky, hereinafter
called defendant, for the sum of $1,030, $277 of which
amount he claimed for extra work. Yablonsky, owner
of the real estate, was made a party defendant to-
gether with Moses E. Greenbaum and the unknown
owners of certain notes. Upon confession of a de-
murrer on September 28, 1908, the suit was dismissed
as to all defendants except Yablonsky, and an
amended bill was filed which set out a contract entered
into between the complainant and the defendant by
which complainant undertook to do all the mason and
cut-stone work in the erection of a certain building
upon the real estate in question at an agreed price of
$8,200, according to certain plans and specifications
declared to be a part of the contract, to the satisfac-
tion of and under the direction of the superintend-
ent. The fifth clause of the contract provided that "no
extra work or material will be paid for without a writ-
ten agreement made and approved by the owner."

The bill further sets out that on the second day of
December, 1908, the contract was modified by attach-

ing a further agreement as follows: "The contractor to go one foot and eight inches deeper than original plan shows with rear wall of both buildings, and there is to be allowed to this contractor $265 above the contract price mentioned herein." The bill represents that the contractor performed this extra work. The specifications referred to in the contract provided: "The contractor to go on the ground, carefully examine the same and determine how deep it will be necessary to go to solid bottom with footings. No extras will be allowed for going deeper or for extra wall necessary to bring the bottom of the water table up to grade."

The answer denied that the contract was modified by the defendant on the second day of December, and averred that if any endorsements or modifications were made on said contract by any person on behalf of the defendant, they were made without his consent or authority, and denied that the complainant had completed the work according to the terms of the contract and specifications, and denied complainant's right to a lien.

The decree included $265 for extra work in going one foot and eight inches deeper with the foundation of the rear part of both buildings. This item is the only matter seriously disputed in the case. The evidence shows that on or about November 7th or 10th, the complainant, Leafgreen, had an interview with defendant, Yablonsky, in the office of Hecht, the architect, Mr. Buttas, the superintendent, was present at the interview. Yablonsky asked Buttas if it was necessary to go one foot eight inches below the depth that the plans called for and Buttas told Yablonsky it was, and Yablonsky said "All right." Complainant testified that he had done the extra work at the time this conversation took place.

In our opinion the defendant is not liable for any extra or additional work ordered by the superintendent under the provision of the contract above quoted.

The evidence does not show any order for extra work from the defendant, nor does it show that the provisions of the contract were waived by him. The order for the $265 written upon the contract by the superintendent was without any authority given by the defendant, and, as stated above, was not called to the knowledge of the defendant until after the alleged extra work had been performed. Adlard v. Muldoon, 45 Ill. 193, 195.

According to the specifications, which were made a part of the contract above quoted, Leafgreen was obliged to go to solid bottom with the foundation of the buildings. If the ground was not solid at the depth shown on the plans for the rear part of the buildings, under the terms of his contract, the complainant was obliged to go to the depth required to secure solid bottom for the footings, and any promise to pay him extra therefor by the superintendent was without any consideration to support it. Stuart v. Cambridge, 125 Mass. 102; 9 Cyc. p. 349.

Before complainant could recover for extra work, the burden was upon him to show that the work was extra and that it had been ordered by the defendant. Dickinson v. Prince, 61 Ill. App. 335. The evidence does not show that the work done was extra work or that it was ordered by the defendant. The act of the superintendent in making the endorsement on the contract and allowing $265 therefor was unauthorized. It was beyond the scope of his authority, and it was never ratified by the defendant. We find no testimony in the record touching the other item of $12 for extra work.

The decree was erroneous in allowing $265 for extra work on the foundation in the rear part of the buildings and for the brick piers in front of each building, and it is therefore reversed and the cause remanded with directions to the trial court to enter a decree not inconsistent with the views herein expressed.

*Reversed and remanded with directions.*