## Salomon-Waterton Company, Appellee, v. Union Asbestos & Rubber Company, Appellant.

### Gen. No. 34,879.

Opinion filed December 2, 1931. Rehearing denied December 22, 1931.

MATTHEWS & KOEGEL, for appellant; O. E. KOEGEL, J. R. HARMON and C. F. SPRINGER, of counsel.

SONNENSCHEIN, BERKSON, LAUTMANN, LEVINSON & MORSE, for appellee; DAVID LEVINSON and CHARLES D. SATINOVER, of counsel.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

The appeal in this case is from a decree of the circuit court of Cook county approving and affirming the master's report sustaining the allegations of complainant's bill of complaint, and foreclosing a claim for

mechanic's lien upon the factory buildings of the defendant.

The construction of the buildings under the contract dated December 7, 1925, was started in the same month. During the construction period complainant requested of the defendant payments on the contract price of $77,000. Sometimes this was done verbally and sometimes in writing, and the complainant received from the defendant, from time to time, during the construction of the buildings, a sum aggregating $73,021.53. At no time did the complainant apply for or receive any certificates from Chester L. Hill, named as inspector, nor did the defendant ever request such certificates. The buildings were completed on June 17, 1926, and the complainant furnished extra labor and material during the course of this construction in the sum of $10,873.44, according to the master's report.

There is a letter in the record signed by G. Thomsen, the bookkeeper of the defendant company, addressed to the complainant, dated August 26, 1926, from which it appears that there is a balance, as shown by the records sent the defendant, in favor of the complainant on the contract price, in the amount of $3,174.47. Certain other letters were introduced in evidence, all of which were addressed to the complainant and written on the letterhead of the Union Asbestos & Rubber Company, the defendant company, and signed, "Chester L. Hill, General Manager." Hill commenced to act as general manager about four days after the date of the contract.

Certain sets of specifications also appear in the record. One of these has the following words written in ink by Mr. Hill, "The word 'Inspector' should be substituted for the word 'Architect' in all cases where the last named is mentioned in the specifications."

The defendant upon the trial of this case, offered no evidence, and stands upon the record as made, and frankly admits that the defense is largely technical.

The jurisdiction of the trial court to hear and determine this cause is questioned by the defendant, for the reason that the complainant failed to comply with paragraph 26 of the contract, which provides:

"Neither the contractor nor any sub-contractor, materialman, nor any other person, shall file or maintain a lien, commonly called a mechanic's lien, for materials delivered for use in, or work done in performance of this contract, and the right to maintain such lien by any or all of the above-named parties is hereby expressly waived, except in the event of the failure or refusal of the owner to pay the amount called for by any certificate of the Inspector within three (3) days of its tender for payment. Then, and in such case only, shall any of the above-named parties have the right to file and maintain a mechanic's lien."

The defendant's contention may be summarized as follows:

(1) Where the contract expressly makes the inspector's certificate a condition precedent to any right of action, in order to maintain a mechanic's lien, the contractor must do one of two alternatives:

(a) Present the inspector's final certificate; or

(b) Present an adequate excuse for his failure to do so.

(2) Where, in addition to making the inspector's certificate a condition precedent to any right of action, the contractor waives all right to a mechanic's lien, except upon one condition only, that condition being the presentation of the final certificate and failure to pay within the time limit.

In construing paragraph 26 of this contract, it is evident that the parties intended that the complainant would waive his claim for lien provided the defendant, within three days after the presentation of the inspector's final certificate, paid the amount so certified.

Generally, a contractor or mechanic failing to procure a certificate from an architect or person so desig-

nated in a contract, cannot enforce his claim for a lien unless the owner under such building contract prevents the contractor from obtaining such a certificate, or waives such a provision, or where the builder fails to employ an architect or engineer to supervise or approve the work, or where the parties proceed with the work, the owner participating in it with full knowledge that the provisions of the contract relating to certificates and orders of the architect were being disregarded, and being a party to it, waives such a provision in the contract for the production of an architect's certificate. *Foster v. McKeown,* 192 Ill. 339; *Connelly v. Wallin,* 181 Ill. App. 212.

The defendant contends, however, that unless the complainant presented the inspector's certificate and showed that the defendant refused to pay within three days thereafter, then the complainant would have no right to maintain a claim for a mechanic's lien. The provision in this contract is not an absolute waiver, but is conditional, and it would be a harsh rule to hold that the complainant cannot maintain his claim for a lien, notwithstanding that the facts justify the conclusion that the owner by its conduct waived the production of such a certificate. However, the facts are that the defendant issued a certificate in the form of a letter addressed to the complainant, after the completion of the buildings, from which it appears that according to its records there is due on the contract price the sum of $3,174.47. The defendant itself adjusted and determined the balance due on the contract price. This was a substantial act which determined the right of the complainant to the money, and determined the obligation of the defendant to pay. This fact in connection with the payment of $73,021.53 during the progress of the work without requiring the production of the certificates provided for by the contract, indicates clearly that the provision that certificates be issued by the inspector was disregarded and waived. This act of

admitting the amount due on the contract price bound the defendant, and it would be rather technical to say that notwithstanding its admission, the complainant cannot maintain its right to foreclose a claim for a mechanic's lien because of failure to produce the certificates provided for by the contract.

That such provision was waived is further fortified by the fact that Hill in his dealings with the complainant signed all letters or written documents as the general manager of the defendant company, and not as inspector.

The master found in his report that 19' items, aggregating the sum of $3,320.83, were for extras required; that these items were admitted as extras by the defendant in its answer, and that they are items for which the complainant is entitled to recover.

As to 22 items aggregating the sum of $7,552.61, the master found that they were for extra material furnished by the complainant, and that they entered into and became a part of said buildings; that the price of each item was the usual and customary market price. It also appears from this report that in many instances there was no objection by the defendant to the value of and price charged by the said complainant for said extras, and that no proof was offered by the defendant in support of its objection made to certain items.

As a further ground for a reversal of this decree, the defendant contends that the complainant has not proved completion of the buildings within the time limit; that it has not alleged or established compliance with the provision of the contract covering the allowance of extras.

As to the contention that the buildings were not completed within the time limit, it is apparent from the record that the defendant made no complaint about the labor and material furnished by the complainant, or offered any evidence that the work was not done in accordance with the terms of the contract and specifica-

tions. It is also apparent from the record that the defendant suffered no damage because of the alleged delay, although damage was claimed in the defendant's answer. The record amply sustains the decree that the work was substantially performed in compliance with the terms of the contract.

Now, as to the point made by the defendant that the complainant did not comply with the provisions of the contract covering the allowance of extras, it might be well to have in mind the rule of law in this State that applies to this question. In *Theis v. Svoboda,* 166 Ill. App. 20, "It is the law in this State that these building contracts are to be construed liberally, and that a literal compliance with their terms is not necessary to entitle a recovery, but a substantial performance in good faith is sufficient.

"We think the law of this State fully authorizes a recovery for extras furnished under a verbal contract, wherein the owner agrees to pay therefor. Notwithstanding the original written contract provides that all extras must be ordered in writing, the owner may waive this condition, and by himself ordering the extras, become liable, by his own acts, to pay therefor."

This rule is further sustained in *Chicago & Eastern Illinois R. Co. v. Moran,* 187 Ill. 316, in these words:

"The objection is made that there was no consent in writing by Baldwin, appellant's engineer, for use of the Joliet stone. It is conceded he did consent, and he not only consented for the railroad company, but desired and directed it to be substituted for the Indiana stone. It was so substituted, and was accepted and used by the appellant. The objection is purely technical. The written consent must be deemed to have been waived by appellant's conduct. *City of Elgin v. Joslyn,* 36 Ill. App. 301."

To the same effect is the case of *City of Elgin v. Joslyn,* 36 Ill. App. 301, which case was affirmed by the Supreme Court in 136 Ill. 525.

From the facts in this case it is apparent that Hill, named as inspector in the contract, became general manager soon after the contract was signed; that the provision requiring extras to be ordered in writing by the inspector was not complied with, but that various verbal orders for such work were given by Hill. These facts do not indicate an insistence by the defendant upon compliance with the provisions of the contract, but rather an abandonment of these provisions. The defendant received the benefit of the extra work and materials accepted and used the improvement and is now estopped from insisting upon the failure of the complainant to comply with the terms of the written contract. The following language used by the court in the case of *City of Elgin v. Joslyn,* 36 Ill. App. 301, p. 307, is apt in the instant case:

"And it was the duty of the engineer or the commissioners, when they ordered extra work, to put it in writing themselves. By the strict letter of this clause no extra work is allowed to be done except it is ordered by the engineer, in writing. He is to make the order, and must put it in writing, and his omission to do his duty and comply with the contract cannot be invoked to aid the defendant; nor can the defendant omit to comply with its part of the requirements of that clause, and at the same time insist on a strict compliance with it on the part of appellee. The neglect of the defendant to keep its part of that clause must be held to be a waiver of the right to insist on the plaintiff keeping his part of it. . . . The clause is highly penal, substituting the arbitrary judgment and decision of an engineer in the employment of one of the parties in place of the judgment of a court, and requiring all claims, big and little, for extra work or material to be put in writing within a certain time, or all claim for them forfeited. It is strictly a 'cut-throat' claim in building contracts, liable to entrap the unwary contractor, and if beneficiaries under such con-

tracts intend to enforce them, they should insist on it when they order the change, or extra work or material; and upon failure to insist at the time upon such compliance, then they will be estopped from insisting upon such provisions after they have secured the labor and material of the contractor."

The defendant also urges, as a reason why none of the items of extras claimed by the complainant should have been allowed, that, by the provisions of the contract applying to extras, arbitration of the question whether the items claimed were in fact extras, and if so in what amount, was made a condition precedent to any right of recovery for such items. Having reached the conclusion that the parties did not act under the provision of the contract concerning extras, but waived and abandoned such provision, and waived the issuance of a final certificate, it necessarily follows that the provision concerning arbitration does not apply.

There is but one other point that we deem necessary to consider, and that is that an issue was not raised in the pleadings that Hill ever acted as inspector. There is, however, this charge in the bill: that no certificates were ever executed by Hill as inspector, and that payments were made by the defendant without requiring the issuance of an inspector's certificate, and therefore the provision for making payments upon inspector's certificates was waived. The finding of the master that Hill never acted as inspector, comes well within the charge above stated, and is amply supported by the evidence in the record.

Accordingly, for the reasons stated, the decree is affirmed.

*Decree affirmed.*

FRIEND and WILSON, JJ., concur.