CASTLE CONCRETE Co., Plaintiff-Appellant, *v.* FLEETWOOD ASSOCIATES, INC. *et al.*, Defendants-Appellees.

(No. 53938;

First District—February 26, 1971.

Rudnick & Wolfe, of Chicago, (Lester Foreman and Philip S. Wolin, of counsel,) for appellant.

Kornfeld & Caplan, of Chicago, (Alvin Kornfeld and Fred M. Caplan, of counsel,) for appellees.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

The cause was tried to the court upon an agreed statement of facts. The matter concerns three principal parties, the plaintiff subcontractor Castle Concrete Co., hereinafter called "Subcontractor", the defendant general contractor Fleetwood Associates, hereinafter called "General Contractor", and the defendant legal title holder the American National Bank & Trust Company of Chicago as Trustee and the sole beneficiary thereunder, Arthur Zaltzman, hereinafter called "Landowner". The Subcontractor sought to impress the property with a mechanics lien based upon material and labor supplied in excess of an amount specified by contract between the General Contractor and the Subcontractor. The court held that the plaintiff could not assert a mechanics lien upon the property, and entered judgment, from which plaintiff appeals.

The agreed statement of facts upon which the court based its holding is as follows:

"1. That the real estate involved in this cause upon which the improvement in issue was erected, is the property commonly known as 3040 West Devon Avenue, Chicago, Illinois.

2. That the legal title holder to the property in question, at all times relevant to the consideration of the issues in ths case, was Amercan National Bank & Trust Company of Chicago, as Trustee under Trust Agreement dated March 5, 1954, Trust No. 10270, the sole beneficiary thereunder being Arthur Zaltzman.

3. That with respect to the construction of an improvement upon the subject real estate Fleetwood Associates, Inc. acted as general contractor pursuant to a written contract of the Standard Form of Agreement between Owner and Contractor, American Institute of Architects Form No. A 107, which agreement was dated September 25, 1967 between the American National Bank of Chicago As Trustee Under Trust No. 10270 by Arthur Zaltzman, sole beneficiary thereunder, as Owner, and Fleetwood Associates, Inc., as Contractor.

4. That Fleetwood Associates, Inc. and the plaintiff, Castle Concrete Co., entered into a written contract on October 23, 1967, whereunder Castle Concrete Co. was to perform and provide certain labor and materials in connection with concrete work at the subject property, under the terms of which contract the total sum to be received by Castle Concrete Co. was $8,600.00, payable $3,200.00 upon completion of foundation, $4,500.00 upon completion of slab work and $900.00 upon completion of any remaining work.

5. That Castle Concrete Co., in addition to erecting and construcing foundations of a depth of 42", being the frost wall depth at the

site in question, recommended to an officer of Fleetwood Associates, Inc. that a deeper foundation be constructed, and on October 30, 1967, November 6, 1967 and November 8, 1967, did pour and frame additional concrete, over and above the quantity and height of foundation concrete, set forth in the architect's plans and specifications for the site in question.

6. That in furtherance of the direction received by Castle Concrete Co. from the duly authorized agent of Fleetwood Associates, Inc., Castle Concrete Co. performed and supplied the "extras" and immediately subsequent to performing the work in question, constituting the extras, requested Fleetwood Associates, Inc. to execute written change orders which were forwarded to Fleetwood Associates, Inc. by Castle Concrete Co.

7. That the three written change orders submitted and forwarded to Fleetwood Associates, Inc. by Castle Concrete Co., were not executed by Fleetwood Associates, Inc., nor returned to Castle Concrete Co.

8. That at no time prior to the performance of the "extras", which are the subject matter of this proceeding, did Castle Concrete Co. receive any authorization or direction, in any form whatsoever, with respect to said extras, from the American National Bank and Trust Company of Chicago, as Trustee, or Arthur Zaltzman, nor did the American National Bank, as Trustee, or Arthur Zaltzman have any knowledge of the performance by plaintiff of the alleged extras.

9. That the three written change orders submitted by Castle Concrete Co. to Fleetwood Associates, Inc. dated November 1, 6 and 14, 1967 respectively, are in the amounts of $331.10, $254.10 and $745.00 respectively, thereby totaling $1,330.20."

The Subcontractor urges that the court below erred in several particulars. The Subcontractor asserts that a subcontractor is not bound by a provision in a construction contract which bars the assertion of a mechanics lien unless he has actual notice of that provision or unless the contract is recorded, that a subcontractor may assert a valid mechanics lien after the general contractor has executed the primary contract, that property will be subjected to a mechanics lien in favor of one who performs work when a contract is entered into between the contractor and one who the owner knowingly permits to improve the premises and finally that a job superintendent has authority to order extra work thereby subjecting the property improved to a mechanics lien without the owner of the premises having been given notice.

■■ When there is a no dispute as to the facts but only as to the judgment that was entered upon the agreed facts, the only question remain-

ing for the reviewing Court is whether or not the facts as stipulated, sustain the judgment of the trial court. (*Saltsman v. Springfield Life Insurance Co.* (1929), 254 Ill.App. 440.) The contract between the owners and general contractor referred to in the statement of facts provided that the owner had the right to order changes in the work, and if so ordered such changes must be in writing.

■■■ The facts as set forth are such as to support the holding of the court below. This lawsuit is controlled by the recent decision of *Watson Lumber Co. v. Guennewig* (1967), 79 Ill.App.2d 377. The *Watson Lumber* case involving a similar dispute, although between landowner and General Contractor, states those elements which the builder must overcome to allow collection for extras.

"The law assigns to the contractor seeking to recover for 'extras', the burden of proving the essential elements. (*Leafgreen v. Yablonsky*, 178 Ill.App. 19.) That is, he must establish by the evidence that (a) the work was outside the scope of his contract promises; (b) the extra items were ordered by the owner, *Cerney-Pickas & Co. v. Dallach*, 249 Ill. pp. 424. *Dickinson v. Price*, 61 Ill.App. 335, *Edward Edinger Co. v. Willis*, 260 Ill.App. 106; (c) the owner agreed to pay extra, either by his words or conduct, *Snead & Co. Iron Works v. Merchants Loan & Trust Co.*, 225 Ill. 442, 80 N.E. 237; (d) the extras were not furnished by the contractor as his voluntary act, and (e) the extra items were not rendered necessary by any fault of the contractor. *McKay Engineering & Construction Co. v. Chicago Sanitary Dist.*, 348 Ill.App. 89, 108 N.E.2d 39; *Salomon-Waterton Co. v. Union Asbestos & Rubber Co.*, 263 Ill.App. 583.

The proof that the items are extra, that the defendant ordered it as such, agreed to pay for it, and waived the necessity of a written stipulation must be by clear and convincing evidence. The burden of establishing these matters is properly the plaintiff's. Evdence of the general dscussion cannot be said to supply all of these elements.

\* \* \*

In a building and .construction situation, both the owner and the contractor have interests that must be kept in mind and protected. The contractor should not be required to furnish items that were clearly beyond and outside of what the parties originally agreed that he would furnish. The owner has a right to full and good faith performance of the contractor's promise, but has no right to expand the nature and extent of the contractor's obligation. On the other hand, the owner has a right to know the nature and extent of his promise and a right to know the extent of his liabilities before they are incurred. Thus, he has a right to be protected against the contractor voluntarily going

ahead with extra work at his expense. He also has a right to control his own liabilities. Therefore, the law required his consent be evidenced before he can be charged for an extra. *Booher v. Williams,* 341 Ill.App. 504, 95 N.E.2d 518; and here the contract provided his consent be evidenced in writing."

Plaintiff is not entitled to a lien for work for which he could not recover from the owner on a contract with the owner which did not provide for the work he has done; it is incumbent upon the plaintiff subcontractor to prove that the owner authorized the extras. Even an implied consent of the general contractor cannot, under this factual situation, obligate the owners, or extras for which there is no evidence of knowledge or consent on the part of the owners. There is no merit to the contention that the contractor is the superintendent for the owner with authority to order extras thereby subjecting the property to a mechanics lien, under the facts here present; the interests of the General Contractor and the owners, could well be, and frequently are, hostile.

■■ It is not that the general contract bars the assertion of a lien that here bars plaintiff subcontractor from a lien on owners premises. We do not reach that question. A lien is barred because the proposed lien would be for extras for which the owners never contracted for or consented to. Neither do we reach the question posed by plaintiff, as to whether a subcontractor can effectively assert a mechanics lien, for extra work performed, without written approval of the property owner; an answer is suggested in *Watson, supra,* as well as this opinion. The third question posed, as to "what authority is needed by one other than the fee owner of real estate to subject real property to a mechanics lien" assumes authority is needed, and as to "extras" the answer is found in *Watson, supra,* and the 8th paragraph of the statement of facts.

The judgment of the trial court is supported by the agreed statement of facts, and the judgment for defendants is affirmed.

Judgment affirmed.

GOLDENHERSH and MORAN, JJ., concur.