JENSEN SOUND LABORATORIES, Plaintiff-Appellant, *v.* GEORGE ROBERT LONG, JR., *et al.*, Defendants-Appellees.

Fourth District   No. 4—82—0515

Opinion filed March 16, 1983.

William A. Pryor, of Costello, Young & Metnick, of Springfield, for appellant.

Donald M. Craven, of Londrigan & Potter, of Springfield, for appellees.

JUSTICE JONES delivered the opinion of the court:

Plaintiff, Jensen Sound Laboratories, appeals from a judgment of the circuit court of Sangamon County in which the court found, upon a stipulation of facts, that defendants George and Alice Long were not personally liable for a debt incurred after their partnership, Long's Auto Sound, was incorporated as Long's Sound Systems, Inc. The plaintiff, which had extended open-account credit to the partnership, contends on appeal that it was not adequately notified of the partnership's incorporation and that the defendants therefore remained personally liable for the debt in question. We affirm.

The cause was tried upon a stipulation of facts agreed to by the parties' respective counsel. This court, then, must determine only whether or not the facts as stipulated sustain the judgment of the trial court. (*Castle Concrete Co. v. Fleetwood Associates, Inc.* (1971), 131 Ill. App. 2d 289, 268 N.E.2d 474.) The agreed statement of facts is as follows:

> "1. That open-account credit was provided to Long's Auto Sound, a partnership in June of 1978, by Plaintiff.
>
> 2. George and Alice Long were partners of Long's Auto

Sound.

3. That Long's Sound Systems, Inc. was incorporated on January 24, 1979, and acquired the business of Long's Auto Sound. The corporation was dissolved on December 1, 1981, by action of the Illinois Secretary of State's Office.

4. That the only information which Plaintiff had concerning Defendants' business entity in June of 1978 was contained on a New Account Data Sheet dated June 21, 1978.

5. That Plaintiff claims it had no knowledge that Defendants had become a corporation, except for the corporate checks that were issued to pay their account balances."

On this statement of facts the trial court entered judgment for the individual defendants, George and Alice Long, and against the plaintiff. Judgment for the plaintiff was entered against Long's Sound Systems, Inc., by agreement of all parties.

On appeal from the judgment in favor of the individual defendants, the plaintiff contends that the defendants had an affirmative duty to notify the plaintiff-creditor of their partnership's incorporation and that notice imparted by corporate checks delivered to the plaintiff was insufficient to relieve the defendants of personal liability. Otherwise stated, the plaintiff's argument is that the defendants should be held liable for the debt in question because of their failure to notify the plaintiff of the dissolution of their partnership.

■■ ■ As a general rule in Illinois, actual notice of the dissolution of a partnership must be given to persons who have dealt with the firm and who have no knowledge of the dissolution in order to relieve the partners of debts incurred after the dissolution in the name of the partnership. (*Weise v. Gray's Harbor Commercial Co.* (1904), 111 Ill. App. 647; *Bredhoff v. Lepman* (1913), 181 Ill. App. 247; 29 Ill. L. & Prac. *Partnership* sec. 245 (1957).) Partnership liability will be incurred under this rule, however, only if, when an existing partnership is incorporated, the firm continues dealing in the same way and the change of name does not convey information of the incorporation. (*Weise v. Gray's Harbor Commercial Co.*) In *Weise v. Gray's Harbor Commercial Co.*, the appellants had been in business as a partnership known as George B. Weise & Son. After incorporation the business was continued in the same way in the name of George B. Weise & Son. No notice of dissolution of the partnership was given, and the court, noting that "[t]here was nothing in the outward appearance of things to indicate to the appellee's agent *** that he was dealing with a corporation, and not with private persons" (111 Ill. App. 647, 650), ruled that the appellee was not chargeable with notice of the dissolu-

tion and could hold the appellants liable as partners. Similarly, in *Bredhoff v. Lepman,* where there was no evidence that notice had been given of the dissolution of the partnership "Lepman & Heggie" after it was incorporated under the name of "Lepman & Heggie," the court found partnership liability. In that case letterheads used by the corporation at the time of the transaction in question contained merely the words "Lepman & Heggie, Commission Merchants," with nothing to indicate that this was the name of a corporation.

■ In the instant case, the stipulation of evidence upon which the trial court made its ruling indicated that the plaintiff was in receipt of corporate checks for almost two years from the time of the defendants' incorporation until the transaction in question. The name of the corporation, Long's Sound Systems, Inc., was significantly different from that of the partnership, Long's Auto Sound, and contained an appropriate indicium of corporateness. There was no evidence that the defendants continued to deal with the plaintiff as a partnership after their incorporation, as the stipulation did not indicate how the defendants' orders to the plaintiff were sent in and filled or whether the order in question was made in the partnership or corporate name. On this record, then, we cannot say that the trial court erred in finding that the plaintiff was sufficiently notified of the defendants' incorporation to entitle the defendants to individual immunity from corporate debts.

The cases relied upon by the plaintiff can be distinguished from the instant case on their facts. In *Roof v. Morrisson, Plummer & Co.* (1890), 37 Ill. App. 37, the plaintiff, a liquor merchant, had dealt with the partnership of A.C. Vanderburg & Co. for a period of 15 years prior to the transaction in question and had extended credit to the firm during this time. The partnership was incorporated under the name of A.C. Vanderburg Company. No notice of dissolution was sent to the plaintiff, and the only indicium of the defendant's change in status was the omission of the ampersand on the sign over the defendant's place of business and on the labels of bottles ranged upon the shelves of the store. The plaintiff's salesman made one trip to the store after the incorporation and received a verbal order for goods for which the defendant failed to pay. The court, finding that there was no evidence that the salesman saw the omission on the sign, nor any probability that he noticed it on the labels on the bottles in the store, held that the plaintiff could recover from the former partners individually.

The *Roof* court, then, found upon the evidence there presented that it would have been unreasonable to attribute notice of the incor-

poration to the plaintiff-creditor. Because of the improbability that a one-time visitor to the store would have remarked the very slight change in name, the court declined to hold that the plaintiff had actual notice of the incorporation. In the instant case, the fact that the parties transacted business for a significant period of time after the incorporation and that the plaintiff received corporate checks bearing a substantially changed name, together with the lack of evidence to justify the plaintiff's misapprehension of the defendants' status after the incorporation, serve to distinguish it from the *Roof* case on the basis of the notice afforded the plaintiff.

In *Kingsberry Homes v. Corey* (7th Cir. 1972), 457 F.2d 181, cited by the plaintiff, the individual defendants were operating as a partnership under the name of Hebble & Associates. In order to establish open-account credit with the plaintiff, Kingsberry Homes, the defendants executed a personal guarantee to the plaintiff. The individual partners incorporated and continued to do business under the name of Hebble & Associates, Inc. No formal notice of the incorporation was given and the guarantee was neither revoked nor terminated. The defendants failed to pay for products subsequently shipped to them, and, in the ensuing suit, the majority found in favor of the plaintiff-creditor.

The court based its decision on the personal guarantee executed by the defendants, finding that "it [was clearly] the intent of the parties to exchange an open account status in return for a pledge of individual responsibility." (457 F.2d 181, 183.) The dissent, being of the opinion that the guarantee did not by its terms apply to the obligations of the corporation, decided the case in terms of the notice which the plaintiff had had of the defendants' incorporation. The plaintiff's regional sales manager had been aware that the corporation had been formed. Further, bills had been regularly paid with corporate checks, and no attempt had been made to conceal the corporate form of the business.

The instant case can be readily distinguished from *Kingsberry Homes* in that the defendant here made no personal guarantee which would continue despite the incorporation of their business. Rather, in the absence of that factor, this case is more like that envisioned by the dissent in *Kingsberry Homes,* where the plaintiff-creditor was held to have received adequate notice of the defendants' incorporation to entitle them to corporate immunity. While the plaintiff here stipulated that it had had no knowledge of the defendants' incorporation, the trial court's judgment is warranted on the basis of the actual notice imparted by the receipt of corporate checks over a two-year period.

We accordingly affirm the judgment of the circuit court of Sangamon County.

Affirmed.

KASSERMAN and WELCH, JJ., concur.