GEORGINA LUISA LÓKPEZ FINLAY, Plaintiff and Appellee, v. VÍCTOR LUIS LÓKPEZ and AMELIA PALMIERI DE WOODS, Defendants; and HEIRS OF PALMIERI, Defendants, Cross-Complainants, and Appellants.

No. 8993. Argued December 6, 1944.—Decided March 16, 1945.

*Damián Monserrat, Jr., Gabriel de la Haba,* and *Rafael Baraguaño,* for appellants. *Mariano Acosta Velarde, Federico Acosta Velarde,* and *Deniel Pellón Lafuente* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

In a former appeal in this case, *Lókpez* v. *Lókpez,* 61 P. R.R. 596, we reversed the judgment rendered by the lower court because the latter failed to admit certain evidence offered by the defendants tending to show that the mortgage loan contract whose nullity the plaintiff seeks, had been ratified.[1] We remanded the case and the District Court of San Juan held a trial, wherein the evidence was limited to the matter of ratification. The defendants, Heirs of Amelia Palmieri widow of Woods, tried to sustain the admissibility of

---

[1] We summarized the question, on page 610, as follows:

"The situation presented by the case at bar is one which requires the determination of two questions, 1, whether or not plaintiff granted to her husband tacit power to administer her separate property and 2, whether or not, in acting as agent for his wife, the husband ratified, with the express or tacit knowledge and consent of plaintiff, the debt which she owed defendant. As to the first question, we have already decided that plaintiff's own evidence

certain evidence establishing the payment made by the plaintiff of interest on the mortgage loan, but the court ordered its elimination from the record on the ground that in the bill of particulars filed by the defendants it was not alleged that the ratification had been made through the payment of interest.

Thus the evidence of the defendants was limited to the fact that the ratification took place when the plaintiff sought the release and cancellation in part of the mortgage in order to sell a lot free of said lien, as appeared in paragraph (a) of the bill of particulars. The district court held that the ratification had not been proved and rendered judgment granting the complaint, dismissing the cross complaint, and decreeing the cancellation of the mortgage. The defendants appealed.

Before passing upon the merits of the appeal we must first decide the motion for dismissal filed by the appellee. One of her grounds is that codefendant Víctor Luis Lókpez was not served with notice of the appeal, he being a necessary party in the suit. The question lacks merit. When the reversal of the judgment does not affect the interests of a codefendant who has not been notified of the appeal taken by another codefendant, said codefendant is not an adverse party within the meaning of § 296 of the Code of Civil Procedure, and the absence of such service does not cause the dismissal of the appeal. *Candelas v. Ramírez,* 20 P.R.R. 3; see also *Successors of L. Villamil & Co. v. Solá,* 22 P.R.R. 496, 500; *Galafar v. Succession Morales,* 22 P.R.R. 458, 460; *Collazo v. Rivera,* 26 P.R.R. 83, 84; *Buonomo v. Succession Juncos,* 27 P.R.R. 254, 256; *Ramírez v. Pumares et al.,* 28 P.R.R. 11, 124; *Carrión v. Toral,* 44 P.R.R. 412, 413; *Vidal v. Monagas,* 60 P.R.R. 763, 768. In the present

showed that she granted said power to her husband. We can not decide the second question because we do not have before us the evidence which was rejected by the lower court. It was not a question of defendants proving, as the lower court erroneously thought, acts of Mr. Rovira as administrator of the community property, but his acts as administrator of plaintiff's separate property, a fact which, as we have said, was clearly demonstrated."

case we do not see how the interests of Víctor Luis Lókpez can be affected by the reversal of the judgment, by sustaining that the mortgage loan contract had been ratified, and by reinstating the mortgage security. In view of the fact that Lókpez therefore was not an adverse party, service of notice of the appeal on him was not indispensable.

The second ground of the motion is that the record of this appeal is not complete because the following documents were not sent up with the judgment roll: the complaint, the answer, the opinion, and the original judgment, and, further, because the transcript of the evidence of the first trial in this case has not been sent to this court. This ground is also untenable under Rule 40(e) of this court which provides as follows:

"40(e) When in an action or proceeding a new appeal is taken, if in the first appeal the evidence and other proceedings had been brought up to this court by means of a bill of exceptions, statement of the case, transcript of the evidence, or otherwise, together with the judgment roll, the parties may refer to the record of the first appeal and file only the proceedings posterior thereto and any other properly authenticated evidence that the trial judge may have had before him in pronouncing the order or judgment appealed from in the second or subsequent appeal."

In *Concepción* v. *Latoni*, 61 *D.P.R.* 952 (*per curiam* decision), the third appeal in the same case, we denied the dismissal sought on the ground that the third record on appeal was not complete, and we applied Rule 40(e). There is no reason to require that documents which form part of the same case and which are already filed in this court be duplicated. The cases cited by the appellee are inapposite. Some were decided before the approval of Rule 40(e) and others involved a different question, that is, whether the court should take judicial notice of the proceedings in another suit in the same court or in another court. Appellee's motion is dismissed and we now enter into the merits of the appeal.

656

■■ The appellants assign as a first error the fact that the court eliminated the evidence offered by the defendants tending to establish the will and purpose of the plaintiff to pay the interest corresponding to the month of June, 1938, on the mortgage loan. The appellants maintain that said evidence established the ratification of the contract.

It is a well-settled rule that the evidence which may be offered by a party who has furnished a bill of particulars should be restricted to those matters specified therein. 8 A.L.R. 550; *Colón* v. *Shell Co. (P. R.), Ltd.*, 55 P.R.R. 575, 604. This rule emanates from the fact that the office of a bill is "to give the adverse party information necessary to a proper answer and preparation for defense, and to enable him to plead with greater certainty, and reasonably to protect himself against surprise at the trial." 1 Bancroft's Code Pleading, § 485. And see *León Parra* v. *Gerardino*, 58 P.R.R. 494.

Although it is true that the defendants did not allege in the bill of particulars that the ratification was made by the payment of interest, yet said allegation did appear in the sixth averment of the new matter of defense set forth in the answer to the complaint. It is an uncontrovertible fact that notwithstanding the omission of said allegation in the bill of particulars, the plaintiff took into consideration, for the purpose of preparing her case, the ratification made through the payment of interest. By denying said allegation in the fifth paragraph of her answer to the cross complaint (p. 38, Judgment Roll, Civil Case No. 8520) and by offering in advance evidence denying said allegation (Testimony of Georgina Lókpez Finlay, pp. 52, 87, 88–89; testimony of Osvaldo Peña, pp. 95–96; testimony of Pedro Rovira, p. 103; and testimony of Mariano Acosta Velarde, pp. 110–111, Transcript of Evidence, Civil Case No. 8520), the plaintiff clearly showed that she had not been surprised and that there was no need for including said allegation in the bill of particulars. In our opinion defendants' evidence as

to that particular should not have been excluded. The essential function of a bill of particulars is to amplify the allegations of a complaint or an answer,[2] but not to amend them restrictively and, therefore, we feel bound to conclude that the court *a quo* committed the first error assigned. Under the attendant circumstances the general principle as to restricting the evidence to the matter contained in a bill of particulars is not applicable in this case.

██ Nevertheless, the error committed would cause the reversal of the judgment only if the evidence stricken is by itself sufficient to prove the ratification of the contract. We therefore enter into a consideration of the real gist of the question involved; whether the evidence which was eliminated and that which was admitted established that plaintiff's husband, her tacit agent as to the administration of her separate property, according to our ruling in the first appeal, ratified the mortgage loan contract.

The appellants contend that the acts of the agent establishing the ratification are (1) the payment of interest on the loan, corresponding to May 1938; (2) his offer to pay the interest corresponding to June 1938; and (3) the steps taken in order to obtain the release of part of the mortgaged property in order to be able to sell the same free of said lien. The district court considered only the evidence in support of the third and last allegation, but neither this evidence, nor the one presented under the other allegations and which was eliminated by the court, is sufficient, in our opinion, to establish that the contract was ratified.

---

[2] Rule 12, subdivision (e) of the new Rules of Civil Procedure, provides in its pertinent part thus:

*"Motion for More Definite Statement or for Bill of Particulars.*

*[in fine]* . . . A bill of particulars becomes a part of the pleading *which it supplements."* (Italics ours.)

And see *Wolfson* v. *Mills*, 112 N.J.L. 169 A. 359, 360, where it was said that the main object of the bill is ". . . To amplify the pleadings, and indicate, with more particularity than is ordinarily required in a formal plea, the nature of the claim made, in order that surprise upon the trial may be avoided, and the issue more intelligently met."

As to the payment of interest, we decided an identical question in *Lókpez v. Lókpez,* 61 P.R.R. 818, wherein we said at page 821: "We are of the opinion that the lower court did not commit manifest error in weighing the evidence and that, in any event, *said evidence was not sufficient to establish the alleged ratification."* (Italics ours.) It is our opinion that in the case at bar the evidence as to the steps taken by Rovira, not only as to the payment of interest but also as to the release of part of the mortgaged property, could not have the effect of showing that the loan and mortgage contract had been ratified.

If, as contended by the appellants, Rovira acted under the authority conferred on him by his wife, plaintiff herein, we must conclude that § 1211 of the Civil Code [3] is not applicable to the facts of this case, for, as stated by Manresa, upon commenting on § 1239 of the Spanish Civil Code, equivalent to our § 1211: "Section 1259 refers to one who acts in the name of another, *without the latter's authority; therefore, it is not applicable to one who acts under authority.* If the agent goes beyond his powers, the ordinary action of nullity lies. (Judgment of March 6, 1906.)" *Comentarios al Código Civil Español,* vol. VIII, p. 569, 4th ed., (1929). (Italics ours.)

This is not a case where the evidence shows, as in *Dooley v. Pantoja,* 61 P.R.R. 619, and *Loíza Sugar Co. v. Zequeira,* 63 P.R.R. 829, that it was through the acts and conduct of the principal himself that the tacit ratification took place. On the contrary, the controversy here turns on the determination of whether the evidence was sufficient to show that the act of the first agent, Víctor Lókpez, plaintiff's father, when executing the loan and mortgage contract and for which he needed an express authority, which he lacked, could have been ratified by the acts of the other agent, Pedro Rovira, plaintiff's husband, who in turn only had a tacit au-

---

[3] "Section 1211.—No one can contract in the name of another without being authorized by him or without having his legal representation according to law."

thority which covered administrative acts alone, as we held in *Lókpez* v. *Lókpez,* 61 P.R.R. 596.

The eliminated evidence and the one which was not admitted by the court, as well as that admitted and believed, only tended to show certain acts of the husband, in the absence of the plaintiff, which by themselves, did not establish the granting of an express or implied authority to ratify the unauthorized act of the former agent, by virtue of which the mortgage loan contract was executed and whose nullity is sought in the present suit. Since that evidence is insufficient, we can not hold, as appellants claim, that when Rovira acted under the tacit authority of the plaintiff to administer, he ratified the loan made by the other agent, Lókpez, who, as we have already decided, by acting thus, exceeded his authority. The authority to ratify is in no manner included in administrative acts, where there is no evidence that authority was granted to perform other acts for which express authority is required under the law.

The common law acknowledges the same doctrine above set forth. In Restatement of the Law of Agency, in commenting on § 93 (3), it is stated: ''An agent may be authorized to ratify for his principal the previous unauthorized act . . . of another agent.'' [4] Regarding this question, in 1 Williston on Contracts, § 278, p. 810, it is said:

''Not only may ratification be made by the purported principal, but the courts, as pointed out in the Restatement of Agency, also recognize that an affirmance operative as ratification may be made by an agent expressly authorized so to do . . .''

In *Ironwood Store Co.* v. *Harrison,* 75 Mich. 197, 42 N.W. 808, the rule of evidence under which the ratification by an agent of a previous unauthorized act of another agent may be considered proved, was set forth as follows:

''Ratification by an agent depends upon certain facts which must affirmatively be made to appear; (1) The agent ratifying must have

---

[4] Section 93(c) reads thus: ''The affirmance may be made by an agent authorized so to do.''

had general power to do himself the act which he ratifies. (2) They must both be agents of the same principal, and the agent whose act is in question must have professed to act as agent of the common principal."

This rule was ratified in *Horrabin & Co.* v. *McCallum,* 191 Iowa 441, 182 N. W. 646.

Although in the case at bar there is no doubt that there existed the same state of facts marked (2) in *Ironwood Store Co.* v. *Harrison, supra,* there is nothing in the evidence from which it affirmatively appears that the administrative agent, Rovira, had any authority to execute in plaintiff's name a mortgage loan contract and, this being so, it was not affirmatively shown that he could have ratified a contract of that kind. The trial court did not err in so deciding.

The judgment appealed from should be affirmed.